HEMAN BARROWS vs. LANE & BENHAM.

If A. execute to B. his promissory Note, and C. endorse his name in blank on the same, parole evidence is admissible to show the understanding, that C. was to be holden only collaterally.

This was an action of assumpsit upon a promissory note for the sum of twenty-four dollars, dated December 14th 1829, payable to the plaintiff, in good neat cattle, by the first day of October, A. D. 1830, or in grain in the month of January thereafter, and signed by the defendant Lane, and endorsed in blank by the defendant Benham.

Plea, General Issue.—On the trial of this issue the defendant Benham offered evidence showing, that at the time of the indorsement by him he refused to sign the note *with* Lane, or be liable with him as a joint promissor; but that he indorsed the note under the express agreement, that Lane, the signer should first be prosecuted, and in the event that Lane failed, that he was to guarantee the payment of the note. This evidence was by the Court admitted; and upon it the defendants contended, that Benham was not liable as a joint promissor, and moved the Court to be permitted to fill up the indorsement agreeable to the contract between the parties, when the blank indorsement was made. But the Court charged the jury that the indorsement, having been made on the same day, the defendant Benham was by law liable as a joint promissor; and directed a verdict for the plaintiff. To this charge and direction of the Court the defendants excepted and the cause passed to the Supreme Court.

*Manser for plaintiff.*—The plaintiff in this case contends that the signature of Benham, one of the defendants, upon the back of the note, in blank, constitutes him an original promissor.

1st. If A. give his note, and B. at the same time, indorse his name in blank upon the back of it, B. is an original promissor, and not a guarantor or indorser. *Hunt Ad.* vs. *Adams*, 5 Mass. 358, do. *Carver* vs. *Warren*, 545 ; 9 Mass. 314, *White* vs. *Howland* ; 6 Mass. 519, *Hunt Ad.* vs. *Adams :* 13 Johns. 175 *Nelson* vs. *Dubois.*

2d. The evidence, offered by Benham, shewing what he considered the understanding at the time he indorsed

CHITTENDEN,
December,
1832.

Barrows
vs.
Lane & Benham.

the note was not admissible. 7 Mass. 518, *Hunt* vs. *Adams*; 1 Swift Digest. 180.

3d. If one indorse his name in blank, on a note to which he is not a party, the promissor may fill up the indorsement so as to charge him as a joint and several promissor. 6 Mass. 386, *Blakely* vs. *Grant*; 11 Mass. 436, *Moies* vs. *Bird*; 3 Mass. 274, *Joselyn* vs. *Ames*; Doug. Rep. 514, *Russell* vs. *Langstaffe.*

4th. The undertaking of Benham at the time, was not a *collateral*, but a direct undertaking on his part; for the legal presumption is that Barrows parted with the property which was the consideration of the note in question, in consequence of the signature of Benham. 11 Mass. 436, *Moies* vs. *Bird.*

*Briggs, for defendant.*—If Benham is not a joint promissor in virtue of his indorsement, then the action cannot be maintained; and in no sense, can he be so considered. The contract of the indorser, is collateral; he does not engage to pay the note, according to its terms, as does the maker, but to be responsible that the maker pays; and even this responsibility is discharged on neglect of notice, &c. He is therefore merely a guarantor and not a joint contractor; and since this Court have decided that instruments of this description are to be treated as promissory notes, the fact that the note is payable in specific articles can make no' difference, but leaves the responsibility of the indorser as it was at common law, and no case can be found where the action was ever brought against the indorser and maker as joint promissors.

From the nature of the case, Benham could be nothing more than a surety. In the absence of all other evidence of the nature and extent of his contract than the blank indorsement, the law would determine his obligations. But here the contract expressly was, that Benham was not to be a principal; that Barrows should pursue the maker, and Benham was not to be liable till the prosecution being ended, Lane's inability to pay was established. Such evidence was proper, and ought to have been left to the jury.

In *Rhodes* vs. *Risley*, 1 D. Chipman's Rep. 52, the Court

received evidence to show that the endorsement was made for the purpose of filling a power of Attorney, and not to transfer the property of the note. In *Miner* vs. *Robinson*, D. Chipman's Rep. 392, evidence to establish the same facts, offered to be proved here, was received. In *Baker* vs. *Prentiss*, 6 Mass Rep. 430, evidence was received to show that the indorsement was for the purpose of collection and not for transfer of property of the note.

In these and other cases there cited, it was decided that where the indorsement was in blank, the contract between the original parties, with its conditions, and limitations might be shown by the indorser.

CHITTENDEN,
December,
1832.

Barrows
vs.
Lane & Benham.

The opinion of the Court was pronounced by

PHELPS, J.—At the trial in the Court below, my first impression was in favor of the defendant, and I should have admitted the evidence, had not the case of *Hunt* vs. *Adams* been presented. But conceiving at the moment that that case governed the present, and having no leisure to examine it, the evidence was rejected. If the effect of an indorsement of this kind were to make the indorser a joint promissor, I could see no distinction between one promissor and the other ; and no reason why one could explain his contract by parole if the other could not. I am now satisfied that the principle of those decisions was misapprehended, and so are my brethren.

The law on this subject may be expressed in a few words. The mere name of a person upon blank paper of itself means nothing. It is evidence of no contract and has no legal import. To give it any legal effect, evidence is necessary of a delivery of the signature and the general purpose of that delivery. When however such proof is had, such signature becomes binding upon the party in any way or manner consistent with the purpose of delivery. It is an authority to the holder to make the particular terms of the contract such as he pleases, provided it falls within the the general scope of the transaction in view. Hence a blank signature delivered for the purpose of having a promissory note or bill of exchange written upon the paper, is in effect an indefinite letter of credit. Doug. Rep. 514. But even in this case, the delivery and the

CHITTENDEN, December, 1832.

Barrows vs. Lane & Benham.

purpose of that delivery must appear. Hence it appears that the validity of a contract written over a signature originally delivered in blank depends altogether upon proof extraneous of the instrument, and in many cases upon mere verbal testimony. And where evidence is given on one side to give validity to such a contract, counter evidence is proper on the other side to rebut it. The result is, that the whole subject rests in the outset in parole; and in this light it is uniformly treated in the books. It is also competent for the party to limit or qualify his liability at the time; and whatever may be the effect of a blank signature as it respects third persons, in case it is attached to negociable paper, yet, as between the original parties, their actual understanding and agreement is always to be regarded. This is abundantly shown even by the authorities cited by the plaintiff.

Where, as in this case, the signature is attached to an instrument already executed, and to which the signer is not previously a party, the presumption is that the signer intended to bind himself in some way in respect to the contract: and as he has left the terms of his contract indefinite by signing in blank, it is understood, in the absence of proof to be in any way or manner which the holder may elect. It is on this ground that the cases relied on by the plaintiff turn. Were this however a new question, we should have some doubt whether the circumstance of indorsing a note in this manner, instead of signing it did not of itself imply a collateral guarantee instead of a joint obligation. The subject however has been viewed otherwise in some of the states, ar perhaps theirs is the better doctrine. But whatev may be the *prima facie* inference from such an indo serent, the question in this case is, whether parole evide ce i admissible to explain it

From what has been said it is pparent that such evidence is admissible. Nor does th position impugne the doctrine that written contracts a not to be varied by parole; for here is no contract in writing—there is evidence of a contract of some kind, but its particular terms are not given on the paper but are left to be ascertained by parole. In accordance with this view of the subject are all the authorities; and to prove this, we must go no

CHITTENDEN,
December,
1832.

Barrows
vs.
Lane & Ben-
ham.

farther than the authorities cited by the plaintiff himself.

In *Jocelyn* vs. *Ames*, 3 Mass. R. 274, parole proof was admitted; and the Court held that the plaintiff could not recover upon the contract which he had written over the defendant's indorsement, but that upon the facts proved, he was at liberty to write over it a different contract upon which he might recover, and the plaintiff took judgement by consent. This case shews that parole proof was admissible on both sides.

In *Hunt* vs. *Adams*, 5 Mass. R. 358, there was no question as to parole proof, but the question was what was the legal inference from the endorsement in the absence of proof. Upon a subsequent trial of the same case, see 5 Mass. 516; parole evidence was admitted, and it *was left to the jury to determine* whether the defendant's undertaking was absolute or conditional. In *Carver* vs. *Warren*, 5 Mass. 545, the plaintiff in counting on such an endorsement set forth the making of the note by J. C., and averred, that " the defendant, there afterwards by his writing under his hand on the back of said note, for value received, promised the plaintiff to pay him the contents of said note, agreeably to the tenor thereof." To this the defendant demurred. *Parsons*, C. J. says, " If, as has been suggested, the defendant endorses his name as a guarantor, and the present endorsement had been made, without his consent, or any authority from him, he should not have demurred, but should have pleaded the general issue and *on the trial he might have availed himself of this defence.*"

In *White* vs. *Howland*, 9 Mass. R. 314, parole evidence was introduced and the case was held to fall within the principle of *Hunt* vs. *Adams. Moies* vs. *Bird*, 11 Mass. R. 436, like *Hunt* vs. *Adams*, merely decides, that upon the indorsement alone, without proof to explain it, the indorsor may be treated as a joint promissor.

*Nelson* vs. *Dubois*, 13 John. R. 175, turned also upon parole proof explaining the indorsement.

If it were necessary to go further, we might refer to the cases in D. Chipman's Rep. 52 & 392, as cited by counsel in support of our decision.

CHITTENDEN,
December,
1832.

Barrows
vs.
Lane & Ben-
ham.
On the whole, we are all of opinion, that the judgement of the County Court is erroneous and must be reversed. The case is remanded for trial.

*Manser*, for plaintiff.

*Briggs*, for defendant.