### AMOS STRONG, JR., *v.* RUFUS R. RIKER.

One who endorses his name in blank on a promissory note, not payable to him, is *prima facie* holden as a joint promissor.

The actual contract made at the time of the indorsement may be shown always, but not by the declarations of the indorser alone.

One who has in this way become a guarantor, or a joint promissor by way of guaranty, may be sued in the name of the payee, when the note has not been negotiated, although the suit be for the benefit of a third person, and the defendant became holden for the benefit of such third person.

ASSUMPSIT on a promissory note, dated April 11, 1840. The declaration contained two counts,—one against the defendant as maker of the note, the other against him as guarantor of the same note. Plea, the general issue, and trial by the court.

On trial the plaintiff gave in evidence the note declared on, which was signed by one Samuel Hoyt, and indorsed by the defendant,

and made payable to the plaintiff, or order, in thirty days. The defendant called George P. Riker as a witness, who testified that the defendant brought the note to him and wanted the money on it; that he told the defendant that he would let him have the money on it, if Samuel B. Prentiss would take it towards what he, the witness, was owing Prentiss ; that defendant went out, and soon came back and said that Prentiss would take the note, if defendant would guarantee the payment of it when it became due; that the defendant then indorsed his name upon the back of the note, and the witness paid him the money upon it, and carried the note to Prentiss, who took it on the witness' debt; and that the witness then directed Prentiss to sue the note, as soon as it became due. To the admission of all which testimony the plaintiff objected; but the objection was overruled by the court.

It was also proved that Hoyt, the signer of the note, was good and responsible until Aug. 27, 1840, when he became insolvent; and there was no proof that there had ever been any attempt made to collect the note of him. The defendant owned the note at the time he indorsed his name upon it.

The court rendered judgment for the defendant. Exceptions by plaintiff.

*L. B. Peck* for plaintiff.

1. Upon the facts detailed in the bill of exceptions the plaintiff is entitled to a judgment. It is not material to inquire whether the defendant is holden as a joint promissor, or as guarantor, as the case shows that his undertaking, at all events, was absolute and unconditional. The conversation that passed between the defendant and the witness does not limit the liability of the former, as it was not communicated to the holder. *Barrows* v. *Lane et al.,* 5 Vt. 161. *Knapp* v. *Parker,* 6 Vt., 642. *Flint* v. *Day,* 9 Vt. 345. *Tenney* v. *Prince,* 4 Pick. 385.

2. The undertaking of the defendant being absolute, it was his duty to see that the note was paid, and the holder was under no obligation to proceed against *Hoyt* when the note became due. *Peck* v. *Barney,* 13 Vt. 93. *Morris* v. *Wadsworth,* 11 Wend. 103. *Sumner* v. *Gay,* 4 Pick. 311. *Redhead* v. *Cator,* 1 Stark. R. 14, [2 E. C. L. 274.] *Goring* v. *Edmonds,* 6 Bing. 94, [19 E. C. L. 14.]

*Williams* v. *Granger*, 4 Day 444. *Cobb* v. *Little*, 2 Greenl. 261. *Breed* v. *Hillhouse*, 7 Conn. 523. *Cumpston* v. *McNair*, 1 Wend. 457. *Nelson* v. *Dubois*, 13 Johns. 175. *Allen* v. *Rightmere*, 20 Johns. 365.

3. This action is well brought in the name of the original payee, who stands as trustee for the party in interest, the note never having been negotiated. *Watson's Ex'rs* v. *McLaren*, 19 Wend. 557.

*Vail & W. K. Upham* for defendant.

1. The testimony of George P. Riker was properly admitted by the county court. *Barrows* v. *Lane et al.*, 5 Vt. 161, and cases there cited. *Sandford* v. *Norton*, 14 Vt. 228.

2. We insist, that the defendant, in putting his name upon the back of the note, under the circumstances as detailed in the testimony of George P. Riker, assumed the character and legal liability of a *conditional guarantor*, and that the holder of the note, having neglected to pursue Hoyt, the maker, while he was good and solvent, and at the time the note was due, has lost all claim upon the defendant. *Reynolds* v. *Douglass et al.*, 12 Peter's R. 497. 3 Kent, 3d Ed., 123. *Oxford Bank* v. *Haynes*, 8 Pick. 423, and cases there cited. *Isett* v. *Hoge*, 2 Watts' Rep. 128.

The courts in this state have inclined to treat as surety, or joint promissor, a person not a party to the note, whose name is found written upon the back of it ;—but no case has as yet arisen, where such person has been so considered and treated, unless it appeared that the name was put upon the note before it was delivered to the payee, or unless it was so done in pursuance of an agreement made at the time of the execution of the note ; such are the cases of *Knapp* v. *Parker*, 6 Vt. 642, and *Flint* v. *Day*, 9 Vt. 345; and see *Perkins* v. *Catlin*, 11 Conn. 213.

The indorsement of the defendant, explained by the testimony of George P. Riker, is precisely the same as if the terms of the indorsement had been written over his name. George P. Riker was the agent of the defendant, and therefore Prentiss must be affected by his direction, made when the note was delivered to him, " to sue it when it was out," and Prentiss having neglected to do so, Hoyt being then perfectly responsible, and having subsequently

become insolvent, it would be " contrary to the general principles of equity, upon which the law of contracts is considered to rest," to charge the defendant upon his indorsement under these circumstances.

We insist that the doctrine of the court in *Sandford* v. *Norton,* 14 Vt. 228, fully sustains the court below in their decision.

The opinion of the court was delivered by

REDFIELD, J.   1.   It is now the settled law of the State, that one, who indorses his name upon a promissory note in blank, he not being the payee, is *prima facie* holden as a joint promissor. *Barrows* v. *Lane,* 5 Vt. 161.   *Knapp* v. *Parker,* 6 Vt. 642.   *Flint* v. *Day,* 9 Vt. 345.

2.   It is, perhaps, equally well settled, every where, that the effect of such an indorsement may be controlled by oral evidence of the contract made at the time.   *Sandford* v. *Norton,* 14 Vt. 228, and cases cited.

3.   The present contract of the defendant must be considered as made for the benefit of Prentiss, and no testimony can be received, which would not be good against him.   Under this view of the case it is impossible to say that the conversation between the defendant and George P. Riker had any legal tendency to prove the issue in the case.   Prentiss was not present, nor was George P. Riker his agent ; and the defendant's naked declarations are not evidence, except against himself, in any case; certainly not in his own favor. And it might be easily shown, that even the defendant's declarations would only make his undertaking an absolute guaranty ; which would not materially vary his obligation.

4.   As this note had not been indorsed, we think the action might well be brought in the name of the payee.

Judgment reversed, and case remanded for a new trial.