BARZILLAI SYLVESTER, Executor of LEMUEL SYLVESTER, v. SOLOMON DOWNER.

One who writes his name upon the back of a note, if he were not before a party to it, assumes the same obligation, as if he wrote his name upon the face of the instrument; and although he do this long after the making of the note, it makes no difference; if he consent to be thus bound, and induce others to take the note under that expectation, he will be estopped to deny that fact, and is treated, to all intents, the same as if he had signed the note in its inception. But, the signature being blank, he may undoubtedly show by oral evidence, the real obligation intended to be assumed at the time of signing.

And if the note be subsequently indorsed, the person thus signing may be sued in the name of any person, into whose hands the note comes in the course of its circulation.

And if the obligation thus assumed be by a blank signature upon the back of the note, the writing out the obligation over the signature is mere form, and may be made at any time, and, if made wrong, may be corrected at any time. And it is just as well, if not made at all.

Where a suit is prosecuted for the benefit of an estate, one who is an heir to the estate, but who has transferred his entire interest in the estate to a third person, is a competent witness for the plaintiff.

ASSUMPSIT. The plaintiff declared against the defendant as maker of a promissory note payable to Austin & Fay, or order, and by them indorsed to the plaintiff's intestate. The declaration also contained a count for money had and received. Plea, the general issue, and trial by jury, March Term, 1846,—REDFIELD, J., presiding.

On trial the plaintiff offered in evidence a promissory note, for $75,00, signed by one David E. Strong, dated March, 27, 1837, and made payable to Austin & Fay, or order, in the month of February then next, with the following indorsements,—"For value received pay the contents to Lemuel Sylvester, (signed) Austin and Fay,"—"For value received I promise to pay this note according to its tenor to Lemuel Sylvester, (signed) Solomon Downer." To this evidence the defendant objected, for variance; but the objection was overruled by the court. It appeared, that the indorsements were made in blank and were filled up by the plaintiff before trial.

The plaintiff then offered as a witness one Jotham Whitcomb; to whose admission the defendant objected, for the reason that his wife was one of the heirs of the estate of Lemuel Sylvester. The plaintiff then gave in evidence an instrument in writing, bearing date subsequent to the commencement of this suit, and signed and sealed by the witness, by which he transferred to Oliver P. Chandler, for the consideration, as expressed, of five dollars, all his right and interest in the estate of Lemuel Sylvester. The court thereupon admitted the witness; and he testified, that Austin & Fay, the payees of the note in suit, were indebted to Lemuel Sylvester, and that the defendant had agreed to pay that debt, and was then the owner of the note in suit; that the defendant then proposed to Lemuel Sylvester, that he would let him have the note in part payment of that debt, and that he, the defendant, " would make it good to him by putting his name upon the back of it, and Austin & Fay should do the same;" that each of the partners of said firm was then sitting at the same table with the defendant and Lemuel Sylvester, and that Lemuel then agreed to receive the note, as the defendant offered, and that the defendant wrote his name upon the back of the note and then delivered it to Austin, and that he wrote upon it the name of the firm, and that the note was then delivered to and re-

ceived by Lemuel Sylvester in part payment of said debt. There was no other evidence in the case.

The court charged the jury, that if they found the facts, which the testimony of the witness tended to prove, and considered from it, that the defendant intended, by what he said at the time of transferring the note to the plaintiff, to assume an absolute and unconditional undertaking to pay the note, or see it paid, according to its tenor, they should return a verdict for the plaintiff.

Verdict for plaintiff. Exceptions by defendant.

*A. P. Hunton* for defendant.

1. There is a variance between the declaration and the evidence. The plaintiff declares against the defendant as maker of a note to Austin & Fay. The promise upon the paper offered was direct to Lemuel Sylvester.

But the indorsements were made in blank. Standing thus, the evidence shows that the defendant was indorser ; whereas he is declared against as maker. There is no evidence as to the time, when the indorsements were made ; and the law presumes, that they were made while the note was current. We insist, that the indorsers were holden alike, and that their liability was only that, which ordinarily arises upon an indorsement,—which is made usually for the purpose of making the note good, and has that effect, if the indorser is responsible, unless the contrary is expressed. Stating, at the time, that the indorsement is made for the purpose of making the note good cannot vary the liability of the indorser. The evidence, at most, could only show the defendant a guarantor,—which would not meet the declaration.

2. We insist, that there is no evidence tending to show an unconditional undertaking on the part of the defendant to pay the note, and that the court should have charged the jury, that, upon all the evidence, the plaintiff could not recover. He could not recover upon the first count, for the reasons above stated ; and he could not recover upon the count for money had and received, first, because he did not show demand and notice, so as to charge the defendant as indorser, and second, if the defendant's contract was that of guarantor, it could not be given in evidence under a money count.

3. There was error in admitting the witness. If the plaintiff should be cast in the suit, the witness might be made to contribute towards the payment of the cost.

*O. P. Chandler* for plaintiff.

1. The indorsements being in blank, the mode of filling them up is mere form, provided it is consistent with the contract at the time of the indorsement. In this case the object was, for the defendant to put his name upon the back of the note, as it then was, he being a stranger to the note, for the purpose of making it good; and the legal effect of the indorsement is, to make the defendant a joint and several promissor. When he signed it, it had not been negotiated ; and after signing he procured Austin & Fay to indorse it to Lemuel Sylvester. The indorsement was filled up on the trial, and, by inadvertence, the defendant is made to promise to pay the note to Lemuel Sylvester, instead of Austin & Fay; but we suppose, that this may be altered at any time, to conform to the agreement, under which the indorsement was made. Indeed, it may be treated as if the indorsement were still in blank. *Josselyn* v. *Ames*, 3 Mass. 274.

2. It is now settled, that when a stranger to a note puts his name upon it, it is competent to show by parol the purpose for which it was done, and that the indorsement may be filled up to correspond with such agreement. In this case the jury have found, that the defendant " assumed upon himself an absolute undertaking to pay the note according to its tenor." When he signed the note, it was, by its tenor, payable to Austin & Fay ; and he consequently promised to pay it to them. Therefore he can stand in no other light, than as an original promisor. *Strong* v. *Riker*, 16 Vt. 554. *Sanford* v. *Norton*, 17 Vt. 285.

3. The witness Whitcomb could have no interest in the event of the suit, having conveyed away all his interest in the estate.

The opinion of the court was delivered by

REDFIELD, J. This is an action, in common form, against the defendant as a sole maker of a promissory note. The note, on being produced, showed his name indorsed upon it, and also that of the payees of the note. This, according to the decisions of this

court, repeatedly made, imposed upon the defendant the obligation of the maker of the note, with this difference only, that, his undertaking being in blank, as between the parties to it it was susceptible of being controlled by oral evidence of the real obligation intended to be assumed at the time of signing. This has been so often declared by this court, that it seems needless to refer to the decisions. But I will advert to some of them, with a view to extract from them the *principle* of the decisions.

The first case, which distinctly assumed this ground, is that of *Knapp* v. *Parker*, 6 Vt. 642. In that case the note had been due, before it was indorsed by the defendant, and he was sued as maker, and the suit sustained. It is true, the court, in their opinion, advert to a prior contract, resting in parol merely; but this was clearly merged in the writing. It was of no importance, in determining the *prima facie* legal obligation resulting from the *signature.* The *law* determines that; and the oral evidence was important only as tending to show, that the defendant *intended* to assume just such an obligation, *as he did* by the blank signature.

But to show that the circumstance of the previous contract is not of importance, we need only advert to the subsequent cases. In *Flint* v. *Day*, 9 Vt. 345, the former case is cited by the late Chief Justice, as a decision of the court to the effect, that one, who signs a note *after it becomes due,* and by *merely indorsing his name upon* the back, is nevertheless holden *as a maker,* and to the same extent as those who sign upon the face of the note. And in this latter case the defendant, who wrote his name upon the back of the note, because the bank would not take it upon the names already upon it, was holden liable to contribute with a surety, who signed the note upon its face, and who was compelled to pay the whole note. The court declare, that the defendant (who declared at the time he signed the note, that he knew the plaintiff to be good and was not afraid to "back the note") became a joint principal to the bank, (the payee,) and must stand as a co-surety with the other sureties.

The case of *Sanford* v. *Norton*, 14 Vt. 228, was where the defendant wrote his name upon the back of the note, after it was negotiated, and before it came into the hands of the plaintiff. And the court had no difficulty in holding the defendant *prima facie* liable, as a maker of the note, and liable to all the incidents resulting from

becoming a maker.   But the judgment of Chief Justice WILLIAMS, in the county court, was reversed in the supreme court, upon the ground that he should have received evidence, which was offered by the defendant, to show, that, at the time he wrote his name upon the back of the note, he was understood to assume only the obligation of a common indorser, and was therefore entitled to require a de- mand upon the maker and notice back.   At the next trial in the county court I was myself present, and admitted the evidence, ac-- cording to the decision of the supreme court, and the plaintiff again obtained a verdict by showing demand and notice.   And that judg- met was affirmed in this court.   It is true, that the Chief Justice, in declaring the judgment of this court, or rather, in writing out his opinion for the press, took occason to pass some strictures upon the decision of the court in the former case.   And however just they may be, or however unjust, it is not important now to inquire.   They were certainly not pertinent to the decision then made, which was, in fact, a full and unqualified affirmance of the former decision, and not, as the Chief Justice undertook to show, a departure from it.

This case, then, establishes the doctrine, that one who indorses his name on the back of a negotiable promissory note, while it is in circulation, *prima facie* assumes the obligation of maker, if he were not before a party to the instrument; and that his obligation is nc- gotiable, in the same sense as the original contract, and may be sued in the name of any person, into whose hands the note comes in the course of its circulation.

The same was in effect decided in *Strong* v. *Riker*, 16 Vt. 554. The point was expressly made in that case, that the defendant in- dorsed his name upon the note long *after it was made;* but the court held that fact to be unimportant.   In that case the note had passed out of the hands of the payee, long before the defendant in- dorsed it, but had not been indorsed by the payee.   In passing it to still another person, not a party to the note, the defendant wrote his name upon the back of the note; and the court held, that he was holden as *maker*, and that he might be sued *in the name of the payee*, who had no interest whatever in the note, at the time the de- fendant became a party to it,—thus making the defendant liable as maker of the note to the fullest extent, the same as if he had signed the note originally, and in the same form.

In all this it is not understood, that the court have ever decided, that a mere guaranty is negotiable, whether it be collateral and conditional, or absolute. The contrary is no doubt true, as was declared in *Sanford* v. *Norton,* 14 Vt. 228.

But what this court has repeatedly held upon this subject is, that he who writes his name upon the back of a note, if he were not before a party to it, assumes the same obligation, as if he wrote his name upon the face of the instrument; and that, although he do this long after the making of the note, it shall make no difference; if he consent to be thus bound, and induce others to take the note under that expectation, he shall be estopped to deny that fact, and is treated to all intents the same, precisely, as if he had signed the note in its inception. But, the signature being blank, he may undoubtedly show, that he was not understood to assume any such obligation.

But the proof in the present case tended to show, and the jury have so found, that the defendant did intend to assume *an unconditional obligation to pay the note, according to its tenor.* This puts at rest all pretence, that the defendant was not understood to assume the common obligation, which his signature imported. This was, that of the maker of a note to Austin & Fay, as that was the form of the note at the time he indorsed it; and had they refused to indorse it, the defendant might have been sued, as maker, *in their names,* according to the case of *Strong* v. *Riker,* 16 Vt. 554. But they did indorse it. He was then liable, as maker, to any person who might become a holder of the note,—and especially to the plaintiff's testator, for he assumed the obligation with the understanding that the note was going immediately into his hands, and that the defendant was liable to him. This point is fully decided by *Sanford* v. *Norton,* 14 Vt. 228. The declaration in this case, then, was precisely according to the proof,—that the defendant made a note to Austin & Fay, which was indorsed to the plaintiff's testator.

There is no doubt of the competency of the witness; for after having transferred his entire interest in the estate, he could not be made personally liable for costs, unless he gave an express or implied guaranty to that effect,—which was not attempted to be shown.

46

The fact, that the defendant's indorsement was filled up differently from the declaration, and differently from the import of his undertaking, is of no importance; as that is mere form, and may be made at any time, and, if made wrong, may be corrected at any time. It is just as well, if it be not made at all.

Judgment affirmed.