## C. R. BREWER *v.* ORRIN WOODWARD.

*Parol Evidence to explain Indorsement.*

Parol evidence is admissible to prove, when one, who is not a party to the note, although the owner, endorses his name in blank, that it was agreed that he was not to be liable unless the purchaser should return the note on his failure to collect it at maturity.

JURY trial at the April Term, 1881, ROYCE, J. presiding. Verdict for defendant. The case appears in the opinion.

*H. S. Royce*, for the plaintiff.

*C. P. Hogan*, for the defendant.

The opinion of the court was delivered by

TAFT, J. This was an action of assumpsit to recover the amount due upon a promissory note. The note was payable to one Austin or bearer, and was owned by the defendant, who before its maturity, writing his name in blank upon the back thereof, sold it to the plaintiff. The County Court admitted evidence offered by the defendant to show that at the time of the endorsement and sale of the note, that it was agreed between him and the plaintiff, that unless the latter collected the note at its maturity, he would return it to the defendant, and if.he did not, the defendant should be discharged from all liability thereon. The plaintiff insists that the admission of such evidence was error.

The law is well settled that the undertaking evidenced by such an endorsement, as between the parties to it, is susceptible of being controlled by oral evidence of the real obligation intended to be assumed at the time of signing. This has, as, REDFIELD, Ch. J., says in *Sylvester, Exr.* v. *Downer*, 20 Vt. 355, been so often declared by this court that it seems needless to refer to the decisions. *Barrows* v. *Lane* and another, 5 Vt. 161; *Flint* v. *Day*, 9 Vt. 345; *Strong* v. *Riker*, 16 Vt. 554.

The evidence was properly admitted, and the judgment of the County Court is affirmed.