## ·NATIONAL BANK OF BELLOWS FALLS *v.* DORSET MARBLE CO.· ET AL.

### *Promissory Note. Indorsement in Blank.*

One who indorses a note in blank, whether by writing his name above or below that of the payee, is liable, *prima facie*, as a maker, and may be sued as such.

Heard at the March term of the Windham County Court, 1887, Powers, J., presiding. Judgment for the plaintiff, and exceptions by the defendants. The action was assumpsit, plea, the general issue. The defendants were sued as the joint makers of three promissory notes. The notes were executed by the Dorset Marble Company, and made payable to the order of J. H. Goulding, treasurer. On the back of each note was written in blank the name of J. H. Goulding, treasurer, and underneath his name were written, also in blank, the names of the defendants Hawley, Hollister and Gleason.

*F. G. Swinington,* for defendants.

The indorsements are regular. There is no ambiguity on the face of the notes, and the plaintiff was not misled. It accepted the notes with the defendants' indorsements, precisely in accordance with the real obligation which they intended at the time of indorsing, and parol testimony should not be allowed to contradict it. *Bigelow* v. *Colton,* 13 Gray 309; *Thatcher* v. *Stevens,* 48 Conn. 561; *Clapp* v. *Rice,* 13 Gray 403; *Dubois* v. *Mason,* 127 Mass. 37; *Good* v. *Martin,* 95 U. S. 95; *Key* v. *Simpson,* 22 How. 241; *Stevens* v. *Parsons,* 6 N. E. Rep. 644; 1 Daniel on Neg. Int., secs. 707, 707 *a,* 707 *b,* 709.

In this case the notes were first indorsed by the payee, afterwards by the indorsers underneath the name of the payee. The

NOTE.—First heard at the February term of the Windham County Supreme Court, 1888. Reargued at the General Term, 1888.

Bank of Bellows Falls *v.* Dorset Marble Co.

legal presumption is that the indorsers are second indorsers, and no parol evidence is admissible to contradict it. 1 Daniel, secs. 713, 714, 711, 717; *Good* v. *Martin, supra.*

*L. M. Reed,* for the plaintiff, cited:

*Flint* v. *Day,* 9 Vt. 345; *Nash* v. *Skinner,* 12 Vt. 219; *Strong* v. *Ricker,* 16 Vt. 554; *Sylvester* v. *Downer,* 20 Vt. 355; *Hunt* v. *Adams,* 5 Mass. 358.

The opinion of the court was delivered by

ROWELL, J. The court below found, from testimony not objected to, that the defendants, Hawley, Hollister, and Gleason, indorsed the notes before they were used in any manner, for the sole purpose of giving additional security to them, and so procuring them to be discounted by the plaintiff, understanding among themselves and with the maker that the latter was the principal debtor, as the fact was, and they were accommodation indorsers, with the right to demand and notice that indorsers are entitled to, but that the plaintiff had no notice that they claimed to stand as indorsers and not as original promisors.

The plaintiff claims that this finding makes them original promisors, and is conclusive of the case. But without determining whether that is so or not, we put the case on the ground that the defendants take, and treat it as standing solely on what is disclosed by an inspection of the notes themselves in respect of the nature of the obligation that the law presumes that the defendants intended to assume when they indorsed the notes.

Taking this ground, the defendants claim that as their names are indorsed under the name of the payee and not over it, making them what are called regular instead of irregular indorsers, the law conclusively presumes that the obligation they intended to assume is that of second indorsers, and that parol evidence is no more admissible to vary a contract implied by law than to vary a written contract.

There is great diversity of holding in this country as to the nature of the obligation the law presumes a third party to have intended to assume when he indorses in blank commercial paper.

But it is not necessary to examine the law of other jurisdictions much, for it is well settled in this State, by a long line of decisions; and although some of them may be obnoxious to criticism as anomalous and illogical, yet they have been so long acted upon by our citizens that they cannot now be disturbed without danger of injustice; and besides, it is often of more consequence that the law should be stable than that it should be logical.

The cases on this subject, for present purposes, may conveniently be divided into two classes, namely, those of regular and those of irregular indorsements. In the case of irregular indorsements, that is, indorsements in blank by third persons above the name of the payee or when the payee does not indorse at all, there is very little diversity of holding. By such indorsements it is pretty generally held, nothing else appearing, that the party intended to assume an absolute undertaking, and usually that of maker; but that this presumption may be rebutted by showing a contract for a different undertaking.

But in the case of regular indorsements, that is, indorsements in blank of third persons under the name of the payee, a different rule pretty generally prevails, and such indorsements are held to impose only the obligation of second indorsers; and parol evidence is not received to vary that obligation, because it is said that there is no ambiguity arising from a regular indorsement in respect of the nature of the obligation intended to be assumed, as there is from an irregular indorsement, for on the face of the paper a regular indorser is liable as second indorser, and that it is no more competent to vary the legal effect of a written instrument by parol evidence than it is to vary its express terms.

But in this State no distinction has ever been made in this behalf between regular and irregular indorsements in blank of third persons, but they have alike been held, *prima facie,* to impose the obligation of maker. In most if not all of the cases before *Sylvester* v. *Downer,* 20 Vt. 355, the indorsements were irregular, which brings the cases in line with a great majority of the cases in other jurisdictions. But in *Sylvester* v. *Downer* the

defendant's indorsement was regular, that is, his name was written in blank under the names of the payees. This seems to be so from the case, but we have a copy of the note before us, which shows it to be so. Downer was sued as sole maker of the note, and although it is true that the evidence tended to show, and the jury found, that he intended to assume an unconditional obligation to pay the note according to its tenor, yet the court adverted to that fact only as putting at rest all pretence that it was not understood that he assumed the obligation his signature imported, and said : On being produced, the note shows the name of the defendant indorsed upon it, and also the names of the payees. This, according to the decisions of this court repeatedly made, imposes upon the defendant the obligation of maker, with this difference, that his undertaking being in blank, as between him and the parties to it, it is susceptible of being controlled by oral evidence of the real obligation intended to be assumed at the time of signing.

In *Pitkin* v. *Flanigans*, 23 Vt. 160, the payee's name was indorsed first in position on the bill of exchange, then the defendant's, and then the plaintiff's, all in blank. The plaintiff had the bill to pay, and sought to recover the whole of it of the defendants, on the ground that as their names stood before his on the bill, they were liable to him as prior indorsers. But the court held that the position of their names made no difference, and let in parol evidence of the circumstances.

*The result is, the defendants are held as makers, and the judgment is affirmed.*

Royce, C. J., and Veazey, J., did not sit.