CLEMENT NATIONAL BANK *v.* JAMES CONNOLLY ET AL.

May Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 19, 1914.

*Partnership—Power of Partner—Execution of Promissory Note —Liability of Partnership—Bills and Notes—Relation of Indorsers—Comakers—Parol Evidence—Bona Fide Purchasers of ·Partnership Notes.*

Where a partner borrows money professedly for the firm, and therefor executes a promissory note in the firm name, he binds all the partners, regardless of whether the borrowing was really for the firm or whether he misapplies the funds, provided the lender is not cognizant of any intended fraud, and the burden is not on the lender to show that he was not cognizant of fraud or to prove that value was given for the paper.

A partner who, before the Negotiable Instruments Act, No. 99, Acts 1912, took effect, indorsed his firm name on a note payable to his own order and by himself signed in his own name, all before the note was discounted by a bank, thereby undertook to make the

firm a comaker with himself, and, if the indorsement of the firm name was made with authority, that was, *prima facie*, its legal effect.

Where the signature of a firm to a promissory note is designated as surety, or where there is anything in the appearance of such a note to charge the holder with knowledge that the signature is for accommodation, the holder cannot recover of the firm without showing the assent of all of the partners, because it is not within the usual scope of partnership business to assume liability for the debt of another.

Where a partner, before the Negotiable Instruments Act. No. 99, Acts 1912, took effect, indorsed his firm name on a promissory note payable to his own order and by himself signed in his own name, and so undertook to make the firm a comaker with himself, all before the note was discounted by a bank, the note indicated on its face a borrowing by the partner individually, sufficient to put the bank on inquiry as to the partner's authority to bind the firm, for it is not in accordance with the usual course of business for a partner, for a firm debt, to sign his own name and follow it by the name of the firm, in which his own name is included.

ASSUMPSIT on promissory notes. Trial by court, on an agreed statement of facts, at the September Term, 1914, Rutland County, *Fish, J.,* presiding. Judgment for defendant Connolly to recover his costs. The plaintiff excepted. The opinion states the case.

*P. M. Meldon* and *W. B. C. Stickney* for the plaintiff.

*T. W. Moloney* and *G. W. Platt* for the defendant.

The form of the note was notice to the bank that the borrowing was for Loveland individually, and put the bank on inquiry as to his authority to sign the firm name. *Brown* v. *Pettit,* 178 Pa. St. 17, 56 Am. St. Rep. 742; *Cooper* v. *McClurkan et al.,* 22 Pa. St. 80; *Tannar* v. *Hall,* 1 Pa. St. 417; *N. Y. Fireman's Ins. Co.* v. *Bennett,* 5 Conn. 574, 13 Am. Dec. 109.

MUNSON, J. The notes sued upon are signed by S. W. Loveland alone, are payable to his order, and bear the indorsements of S. W. Loveland and Connolly & Loveland. This use

·of the firm name was not known to Connolly, and was without authority, other than such as may arise from the partnership relation. The avails of the notes were taken by Loveland in cash, and were applied to his personal use. The transaction does not appear upon the books of the firm, and neither the firm nor Connolly received any benefit from it. The firm was engaged in the business of selling and installing plumbing, heating and range equipment. It did its banking business with the plaintiff, including the keeping of a deposit. It had not before this discounted its own notes at the plaintiff bank, nor had its name been used there by either partner to secure his personal notes. The transaction antedates the operation of the Negotiable Instruments Act.

The measure of protection accorded the holder of partnership paper is well established. "The borrowing of money and negotiation of bills and notes being incident to, and usual in, the business of copartnerships formed for the purpose of trade, it follows that when a copartner borrows money professedly for the firm, and executes therefor a negotiable instrument in the copartnership name, it will bind all the partners, whether the borrowing was really for the firm or not, and whether he diverts and misapplies the funds or not, provided the lender is not himself cognizant of the intended fraud. And the burden will not be thrown on him to show that he was not cognizant of such fraud, or to prove value given for the paper." 1 Dan. Neg. Insts. §357, and cases cited. So the question presented is whether this was a borrowing of money professedly for the firm, on a note executed in the copartnership name, within the meaning of the rule.

In placing the name of the firm upon the back of the note as drawn and signed, Loveland undertook, in legal contemplation, to make the firm a comaker with himself. If the indorsement was made with authority, the obligation of the firm is *prima facie* that of a maker. Vt. Dig. 322, pl. 98; *Bellows Falls N. Bank* v. *Dorset Marble Co.*, 61 Vt. 106, 17 Atl. 42. But the undertaking of a comaker may be that of a principal or a surety; and the obligation intended to be assumed may be shown by parol as between the signers, and as against the holder, if the relation assumed was known to him. *Harrington* v. *Wright*, 48 Vt. 427; *Arbuckle* v. *Templeton*, 65 Vt. 205, 25 Atl. 1095. When the signature of the firm is designated as that of a

surety, or when there is anything in the appearance of the note to charge the holder with knowledge that the signature is used by way of accommodation, the holder cannot recover without showing the assent of all the partners; for it is not within the usual scope of partnership business to assume a liability for the debt of another. 1 Dan. Neg. Insts. §365; *National Bank etc.* v. *Law,* 127 Mass. 72, 75; *Stall* v. *Catskill Bank,* 18 Wend. 466; *Bank of Commerce* v. *Selden,* 3 Minn. 155, 163; *Sherwood* v. *Snow,* 46 Iowa 481, 26 Am. Rep. 155.

In the case last cited, the partner signed the note with his own name and signed the name of the firm beneath his. The defendant asked an instruction that this was a circumstance from which the jury might infer that the plaintiff knew or ought to have known that the money he loaned on the note was for the partner's individual use, and not for the use or benefit of the firm, and that if these facts were found the plaintiff could not recover. The instruction was refused, and the court held this to be error; saying that it was not in accord with the ordinary way of doing business that a partner should, for a firm debt, sign his own name, and follow it with the name of the firm, in which his own name was included.

If Loveland had been borrowing for the firm he would, in the usual course, have signed with the firm name. The note as drawn and executed indicates a borrowing by Loveland individually. This being so, the indorsement of the firm is *prima facie* a security for his indebtedness. These features of the instrument were sufficient to put the bank upon inquiry as to Loveland's authority to bind the firm in the transaction, and it must be charged with knowledge of the facts which it would have learned by proper inquiry.

*Judgment affirmed.*