R. H. BOAND, Respondent, v. LOUISA D. STEW-
ART and J. H. KELLEY, Appellants.

Kansas City Court of Appeals, July 3, 1916.

**BILLS AND NOTES: Consideration: Assumption of Original Ob-
ligation: Rights of Co-maker.** Plaintiff sold a store taking a
note, signed by S. as part payment of purchase price. After-
wards, S. sold the store to K. but, owing to the Bulk Sales
Law (Laws 1913, p. 163) the consent of plaintiff had to be
obtained. K. and S. went to plaintiff and there agreed that
K. should become the principal obligor on the note, and he
signed it as maker thereof while it was a subsisting and un-
matured obligation. *Held* that there was a consideration for
the obligation thus created, and that K. was not entitled to
notice of dishonor; and that a subsequent agreement between
S. and K. whereby 'the latter sold the store back to S. and
she agreed to reassume the note, all of which was without
the knowledge of plaintiff, did not affect plaintiff's right to
hold K. as a maker of the note.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lu-
cas,* Judge.

AFFIRMED.

*Blackmar & Bundschu* for appellants.

*E. McD. Colvin* for respondent.

TRIMBLE, J.—Plaintiff sued defendant and one
Louisa D. Stewart as co-makers of a promissory note.
The case originated in a justice court where plaintiff
obtained judgment. Afterwards it was appealed to
the circuit court where plaintiff again prevailed, and
defendant Kelley has brought the case here.

On July 3, 1913, plaintiff was the owner of a small
grocery store in Kansas City, and sold it to the de-
fendant, Louisa D. Stewart, who, as a part of the
purchase price executed the note in question to the

plaintiff. On August 14, 1913, the defendant Kelley purchased the store from Louisa D. Stewart agreeing to give her $600 herefor. At that time there was due on the said note from Mrs. Stewart to plaintiff the sum of $225.50. The law known as the Bulk Sales Law was then in effect (Laws 1913, page 163), and Mrs. Stewart could make no valid sale of the store to defendant unless the plaintiff as the holder of said note was notified. [Joplin Supply Co. v. Noland, 182 Mo. App. 212.] He, therefore, had to be taken care of and arrangements satisfactory to him had to be made before the deal could be consummated. Mrs. Stewart told defendant Kelley of the note and he thereupon agreed with her to assume the payment thereof as that much of the purchase price, and agreed with her to pay it. The two went to plaintiff and told him that the store had been sold to Kelley and that as a part of the purchase price he was to pay the note which plaintiff held. Plaintiff thereupon produced the note and defendant Kelley signed his name under the name of Mrs. Stewart. It is conceded by appellant himself and in appellant's brief that, as part consideration for his purchase of the store, Kelley assumed the note and agreed to pay it.

Sometime thereafter Mrs. Stewart repurchased the store from Kelley and re-assumed the payment of plaintiff's note and agreed with Kelley to hold him harmless from any liability thereon. This repurchase by Mrs. Stewart was made without plaintiff's knowledge and he was not informed nor consulted about the new arrangement between Mrs. Stewart and Kelley.

The note was payable in weekly installments of $3 each and if default was made in the payment of any installment when due then the whole note bacame due. When the installments were not paid, plaintiff brought suit against both parties on the note with the result above stated.

The evidence shows that the note was given, in the first place, by Mrs. Stewart in part payment of the purchase price of the store; that while it was still unmatured the defendant Kelley, as a part of the consideration paid by him for the store, signed the note as maker and became the principal obligor thereon. Under the Bulk Sales law, plaintiff could have defeated the sale to Kelley. Plaintiff gave up something when he allowed Mrs. Stewart to dispose of property to which plaintiff had a right to look to obtain payment of his note. Kelley made a payment to that extent on the purchase price of the store. Kelley's obligation, when he signed the note, was not that he would pay it if Mrs. Stewart did not, but that he would pay it as the principal or chief obligor. In other words, he became a maker of the note the same as if he had signed it in its inception. [Sylvester v. Downer, 20 Vt. 355.] The case is not analogous to cases where after a note has been given and the full consideration has passed, another person has signed the note without consideration and without change of position by the payee. As maker of the note, the defendant Kelley was not entitled to notice of dishonor. [Sec. 10084, R. S. 1909.]

The subsequent arrangement made between Kelley and Mrs. Stewart without plaintiff's knowledge cannot change plaintiff's right to hold Kelley as maker of the note.

Under the circumstances of this case we see no reason why the defendant Kelley could not become a maker of the note while it was yet a subsisting and unmatured obligation. What happened was the same as if a new note identical in terms with the old had been written out and signed by Kelley. Instead, he signed the old note and his own evidence shows he did so as principal obligor and in payment, *pro tanto*, for the store.

The judgment is affirmed. All concur.