MUENDER, Respondent, vs. MUENDER, Administratrix, Appellant.

*December 12, 1923—January 15, 1924.*

*Bills and notes: Negotiable Instrument Act: Non-negotiable instruments: What are: Judgment notes: Parol evidence: Consideration.*

1. The Negotiable Instrument Act has no application to nonnegotiable instruments. p. 420.
2. A promissory note which provided for the entry of judgment at any time after delivery whether the note was due or not, is non-negotiable. p. 420.
3. Where the negotiations of the parties were all had prior to the execution of a promissory note and there was no contemporaneous agreement as to delivery, proof that it was agreed that the note should be paid only from the proceeds of a land contract was inadmissible, as tending to vary and contradict the terms of the contract. p. 421.
4. The note reciting that it represented the equity of the payee in a land contract and was to be paid out of the first payment on the principal of the contract, and if the contract was renewed the note was to be renewed, is payable in any event at the time specified in the note, and to be paid sooner if the payments made upon the land contract were sufficient in amount for that purpose, the agreement to renew the note being contingent upon renewal of the land contract. p. 421.
5. An agreement whereby a husband was released from an obligation to repay money loaned to him by his wife, and his brother was discharged of debt or liability to him under a contract by the execution of a note by the brother to the wife, was a sufficient consideration for the note. p. 421.

APPEAL from a judgment of the county court of Grant county: E. B. GOODSELL, Judge. *Affirmed.*

In 1913 George H. Muender purchased 312 acres of land in Grant county, Wisconsin, for $18,700, giving as a part of the consideration for the farm a mortgage for $12,000, taking the title in his own name. Fred Muender entered into an arrangement with George Muender, by the terms of which George Muender was to stock the farm and furnish the necessary machinery. Fred Muender was to keep up the

taxes, pay the interest on the investment, and, if the farm should be sold at a profit, the profits were to be equally divided after the money advanced by George Muender had been repaid. Fred Muender was to have a one-half interest in the increase of the stock and to be charged with one half of the original cost in the settlement. There was a bad year. Money was advanced by George to Fred for living expenses. The farm was sold in 1920 to one Andrew Browning for the sum of $39,300. Property to the value of $7,300 was accepted on the purchase price and the remaining $32,000 was to be paid in cash according to the terms of a land contract. On the 17th of January, 1921, a settlement was had between the brothers at the Citizens State Bank at Montfort. In the meantime *Ella B. Muender,* then the wife of Fred C. Muender, had advanced to her husband from moneys constituting her separate estate a sum approximating or exceeding $5,000. A settlement was had by which it was agreed that the liability of Fred C. Muender to his wife should be satisfied by the execution to her of a note by George H. Muender for the sum of $5,000. One David James was requested to prepare a note. In response to that request Mr. James prepared Exhibit A, which was executed by George H. Muender and delivered to *Ella B. Muender,* as follows:

"$5,000.                    Montfort, Wis., Jan. 17, 1921.
    "On or before five years after date, we or either of us promise to pay to the order of *Ella B. Muender* at Citizens State Bank, Montfort, Wisconsin, five thousand dollars, value received, with interest at 5½ per cent. per annum, payable annually March 1st, beginning March 1st, 1922. Principal and interest past due to draw same rate of interest. The makers and indorsers severally waive presentment of payment, demand, protest, notice of protest, and nonpayment of this note, and further agree to pay all costs and attorney's fee, including all expenses, should this note be placed in the hands of an attorney for collection, and sureties agree to waive any extension of time without notice;

also hereby authorize any attorney of any court of record to appear for us or either of us in such court in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, whether due or not, together with costs, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorney may do by virtue hereof. In case of nonpayment of the principal or any part thereof or the interest when due, the whole amount becomes due and payable at once.

"This note represents the equity of payee in a land contract between Geo. H. Muender and Andrew Browning and wife for the north half of section 3, town of Ellenboro, Wis., dated ——, 1920, and is to be paid out of the first payments on the principal of said contract.

"If contract is renewed, note is to be renewed.

"Due ——.  No. ——.  GEORGE H. MUENDER."

George H. Muender died on the 10th day of November, 1921. His estate was duly administered and the note was filed by *Ella B. Muender* as a claim against his estate. The Brownings failed to comply with the terms of the land contract, and on the 20th day of September, 1922, an action for the foreclosure thereof was begun by *Ida A. Muender,* administratrix of the estate of George H. Muender, deceased. A judgment of foreclosure was entered by which title to the premises was vested in *Ida A. Muender* as administratrix free from any claim or interest of the Brownings therein. The court found the facts substantially as stated. Judgment was entered in favor of the claimant for the sum of $5,955.52, with costs taxed at $34.80. From this judgment the administratrix appeals.

For the appellant there was a brief by *S. H. Taylor* of Lancaster and *Hall, Baker & Hall* of Madison, and oral argument by *F. W. Hall.*

For the respondent there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *L. A. Brunckhorst.*

ROSENBERRY, J.   It is the contention of the administratrix that the note in question was to be payable out of the proceeds of the land contract and not otherwise, and that it did not constitute a personal obligation on the part of George H. Muender.   It is argued that the clause:

"This note represents the equity of payee in a land contract between Geo. H. Muender and Andrew Browning and wife for the north half of section 3, town of Ellenboro, Wis., dated ——, 1920, and is to be paid out of the first payments on the principal of said contract.

"If contract is renewed, note is to be renewed,"—

makes the payment conditional.   It is also claimed that the note is without consideration.   It is the contention of the claimant that the note was given to her by George H. Muender and was to be payable absolutely; that the time of payment might be accelerated if sufficient payments were made by the Brownings under their contract, but that in all events it should be paid by the maker on or before five years from date.   Considerable testimony was offered by the administratrix as to the exact nature of the agreement between Fred Muender, *Ella Muender*, and George H. Muender at the time of the settlement.   So far as this evidence tended to vary or contradict the terms of the written contract it was not admissible.

The clause last above quoted is not ambiguous nor is a reformation sought.   Several sections of the Negotiable Instrument Act are cited to our attention.   These are not applicable because the instrument is not a negotiable bill.   By its provisions judgment may be entered at any time after delivery whether the note is due or not.   It is therefore non-negotiable.   *Wisconsin Yearly Meeting v. Babler,* 115 Wis. 289, 91 N. W. 678.

The Negotiable Instrument Act has no application to non-negotiable instruments.   *Westberg v. Chicago L. & C. Co.* 117 Wis. 589, 94 N. W. 572.

It is argued that this case falls within *Harder v. Rein-*

*hardt,* 162 Wis. 558, 156 N. W. 959.   It is not claimed that there was a contemporaneous oral agreement relating to delivery as in that case.  The negotiations of the parties were all had prior to the execution of the instrument by George H. Muender to *Ella Muender.*   There is no claim of a conditional delivery.   If the proof tended to show, as the administratrix claims, that it was agreed that the note should be paid only from proceeds of payments made by the Brownings, it would tend to vary and contradict the terms of the contract entered·into between the parties ,and could not properly be received for that purpose.

The trial court correctly held that by the terms of the instrument it was to be paid in any event at the end of five years, and was to be paid sooner if the payments made upon the Browning contract were sufficient in amount for that purpose.   The agreement to renew was contingent upon the renewal of the Browning contract.   The renewal of that contract was made impossible by the foreclosure of the land contract by the defendant.

The agreement by which Fred Muender was released from obligation to repay his wife the amount loaned him and George H. Muender was discharged of all liability to his brother under the contract was a good and sufficient consideration for the execution of the instrument by George H. Muender to plaintiff.

*By the Court.*—Judgment affirmed.