ALBERT DUCHAINE *v.* OLIVER PHOENIX.

February Term, 1925.*

Present:   WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed January 8, 1927.*

*Bills and Notes—Rights of Parties to Non-Negotiable Promissory Note—Presumption as to Relation of One Indorsing Non-*

---

*Opinion was first handed down at May Term, 1926, and entry affirming judgment directed. During such term, and before case had been certified down, defendant filed motion for reargument and to strike off entry and remand case for trial on issue of defendant's relation to note in suit. Entry was stricken off, and motion heard at November Term, 1926.

*Negotiable Instrument—Parol Evidence Admissible To Show Real Relation—Insufficiency of Testimony To Rebut Presumption That Party Was Maker—Affirming Judgment on Ground Other Than Asserted by Party—New Trial—Costs.*

1. Negotiable Instruments Act (G. L. Ch. 140), has no application to non-negotiable promissory note, and rights of parties thereto are determined by law as it stood prior to passage of such act.

2. One who writes his name on back of note not coming within terms of Negotiable Instruments Act, to which he was not previously a party, assumes *prima facie* obligation of maker, but form of undertaking is such that parol evidence may be given of real obligation intended to be assumed.

3. Presumption that defendant who wrote name on back of non-negotiable promissory note to which he was not previously party, is maker, is not overcome by testimony that note was given as part payment for property purchased from plaintiff by defendant at which time he told plaintiff he would buy property if plaintiff would accept note.

4. Where judgment for plaintiff is affirmed, it is immaterial that plaintiff did not assert ground of decision adopted.

5. Where defendant, by writing his name on back of non-negotiable promissory note, to which he was not previously party, became *prima facie* maker, but question of his exact relation to note had never been settled in court, on exceptions to judgment against him and motion for new trial, *held* that defendant's application for new trial to determine such issue should be granted in interests of justice.

6. In such case, although application for new trial was granted, *held* that costs should be allowed as on affirmance.

ACTION OF CONTRACT on a non-negotiable promissory note. Plea, general issue. Trial by court at the September Term, 1923, Chittenden County, *Fish,* J., presiding. Verdict and judgment for plaintiff. The defendant excepted. The opinion states the case. Motion to have case remanded for trial to determine issue of defendant's relation to note made at May Term, 1926, of Supreme Court. *Reversed pro forma and remanded.*

*Guy M. Page* for the defendant.

*H. A. Bailey* for the plaintiff.

POWERS, J.   This is an action of contract predicated upon a written instrument of the tenor following: "$1,200.00.   Burlington, Vt., Oct. 4, 1920.   Beginning March 1st 1921, after date, we promise to pay to the order of Genive L. Burleigh, twelve hundred dollars.   Payable at Burlington, Vt., as follows: One-half of the income of the dairy beginning March 1st. 1921 until said $1,200.00 are fully paid."

This instrument was signed by Albert E. Young and Josie M. Young, and when produced at the trial the following persons had written their names across the back of it in the order named: Genive L. Burleigh, Hortense M. Roberge, and Oliver Phoenix. The facts and circumstances attending the issue and subsequent history of the instrument are not very fully disclosed by the transcript, but it may fairly be inferred therefrom that the Youngs owned a dairy farm somewhere, the milk from which was sold to the Shelburne Co-operative Creamery Company; that various amounts were paid them for milk after March 1, 1921, but nothing was paid on the obligation in suit; that at some time prior to February 22, 1922, the defendant became the owner of it, and on that day bought a piece of real estate of the plaintiff, and turned in this instrument as a part payment therefor at $1,200; that at the time he so delivered it to the plaintiff, it bore his signature as above stated, but whether it was then written or at some previous time, does not appear; that soon after this, the Youngs put it out of their power to perform the contract embodied in the instrument by selling their farm and dairy and delivering possession thereof.

[1]   The parties agree that the instrument in question is a non-negotiable promissory note, and we treat it as such.   Being non-negotiable, the Negotiable Instrument Act (G. L. Ch. 140), does not apply (*Muender* v. *Muender,* 182 Wis. 417, 196 N. W. 773; *Moody* v. *Morris-Roberts Co.,* 38 Idaho, 414, 226 Pac. 278; *Wettlaufer* v. *Baxter,* 137 Ky. 362, 125 S. W. 741, 26 L. R. A. [N. S.] 804), and the rights of the parties are to be determined by the law as it stood prior to the passage of that Act.   *Windsor Cement Co.* v. *Thompson,* 86 Conn. 511, 86 Atl. 1.   This being so, we do not need to look beyond our own decisions to find the rule of law applicable to the case presented by the record.

[2]　The case is briefed on the theory that the defendant is an *indorser* of the note, and that his rights and liabilities are such as attach to that relation, But we do not think he stands as an indorser. By a long and unbroken line of decisions in this State, one who writes his name on the back of a note, not before being a party thereto, assumes, *prima facie*, the obligation of a maker; but the form of his undertaking is such that parol evidence may be given of the real obligation intended to be assumed. 1 Rob. Dig. 322, §§ 98, 99; *Lyndon Sav. Bank* v. *International Co.*, 78 Vt. 169, 62 Atl. 50, 112 A. S. R. 900; *Woodsville Guaranty Sav. Bank* v. *Rogers*, 86 Vt. 121, 83 Atl. 537; *Clement Nat. Bank* v. *Connolly*, 88 Vt. 55, 90 Atl. 794. Nor does it make any difference that the name was written on the note after the same fell due; *Knapp* v. *Parker*, 6 Vt. 642, was such a case; nor that the person writing his name on the note was the owner of it; *Sanford* v. *Norton*, 14 Vt. 228, *Sylvester* v. *Downer*, 20 Vt. 355, 49 A. D. 786, and *Brewer* v. *Woodward*, 54 Vt. 581, 41 A. S. R. 857, were such cases; nor that the defendant's name was under that of the payee; *National Bank of Bellows Falls* v. *Dorset Marble Co.*, 61 Vt. 106, 17 Atl. 42, 2 L. R. A. 428, was such a case; nor that the note was non-negotiable; *Barrows* v. *Lane*, 5 Vt. 161, 26 A. D. 293, was such a case.

By our rule, then, this defendant was a maker, *prima facie*, and not an indorser as in *Aldis* v. *Johnson*, 1 Vt. 136, relied on by the plaintiff, and we have no occasion to consider the rule therein laid down.

[3, 4]　It only remains to consider whether there was any evidence before the court tending to show that the defendant's signature was intended to carry any liability other than that of maker. The only thing shown by the record that could possibly be claimed to have such tendency is the statement of the defendant to the effect that at the time he bought the plaintiff's property, he told the plaintiff that he would take it if he would accept the note, and that the plaintiff accepted it that way. There is nothing in this statement fairly tending to show that the liability of the defendant arising from his signature on the note was to be cut down from what the law made it. It is perfectly consistent with the idea that the plaintiff was to take the note just as it was,—with the defendant's signature on it. In these circumstances there was nothing to meet the *prima facie* case made by the plaintiff, and a verdict was properly ordered for him. As

the result is an affirmance of the judgment, it is immaterial that the plaintiff does not assert the ground of decision herein adopted. *Simpson* v. *Central Vermont Ry. Co.,* 95 Vt. 388, 115 Atl. 299.

[5]    The foregoing opinion was handed down at the last May Term, and an entry affirming the judgment was directed. During the term and before the case had been certified down, the defendant filed a motion for reargument which was amended so as to ask that the entry be stricken off and the case be remanded for trial on the issue of the defendant's relation to the note. The entry was thereupon stricken off, and the motion was heard at the November Term.

Upon consideration, it seems apparent that an important question in the case has never been settled in court; and it seems plain that justice requires that the defendant's application be granted.    It is not the case of a partial reversal as in *Gaines* v. *Baldwin,* 92 Vt. 451, 104 Atl. 825, wherein we held that the rule of partial reversal was to be applied with caution and with a view to the furtherance of justice—but the application comes to us with quite as much appeal, and should be disposed of on much the same grounds.    The rules governing petitions for new trials should not be applied too vigorously and no hard and fast rule governing such cases should be laid down.    Each case must be considered on its own facts, and decided according to fairness and equity.

[6]    For these reasons, we think this application should be granted, but costs should be allowed as on an affirmance.    See *Platt* v. *Shields & Conant,* 96 Vt. 257, 274, 119 Atl. 520.

*Judgment reversed pro forma with costs to the plaintiff and cause remanded.*