C. H. HUFFMAN ET AL. V. WESTERN MORTGAGE & INVESTMENT
CO., LIMITED.

### No. 1413.

**1. Foreign Corporation—Pleading—Allegation of Permit to do Business.**
In an action by a foreign corporation doing business in this State, unless engaged in interstate or foreign commerce, the petition should allege that the corporation has obtained a permit to do business in the State under the provisions of the statute.

**2. Assumption of Debt—Release of Assumption.**
Where a purchaser of property assumes the payment of a lien debt thereon, and afterwards reconveys the property to his grantor, who thereupon releases him from such assumption, before there is an acceptance by the creditor, or before suit brought by the creditor, the party assuming such indebtedness is released, and the creditor has no right of action against him.

APPEAL from Dallas.  Tried below before Hon. R. E. BURKE.

*Robertson & Firmin*, for appellants.—1.  The statute providing that a foreign corporation may not sue in the courts of this State upon contracts made in Texas until the payment of license fee and procurement of permit provided by law, the petition must contain affirmative allegations showing both steps to have been taken before it can maintain its action.  Rev. Stats., art. 542a.

2.  There being no privity of contract between plaintiff and defendant M. L. Robertson shown by the evidence, and it being affirmatively shown that defendant Robertson had been wholly released from all liability upon his assumpsit by defendant Huffman before suit brought, and it being further affirmatively shown that if Robertson was liable to defendant Huffman upon his assumpsit, an equivalent reverse assumpsit existed, and the two had already by contract been set off against each other, with no intervening rights of plaintiff thereby affected, and the warranty of defendant Hillpot being proven, it was error to give plaintiff judgment against defendant Robertson for the amount of the debt.  Crowell v. Hospital, 27 N. J. Eq., 650; Biddle v. Brizzolora, 30 Pac., 609; do. 64 Col., 358; Stover v. Tompkins, 61 N. Y., 1040; Vrooman v. Turner, 69 N. Y., 284; Keller v. Ashford, 133 U. S., 621; Garnsey v. Rogers, 47 N. Y., 254; Elder v. Hasche, 31 N. W. Rep., 60.

No brief for appellee has reached the Reporter.

RAINEY, ASSOCIATE JUSTICE.—This is a suit by appellee to recover on a note executed by C. H. Huffman, and to foreclose a deed of trust given by said Huffman and wife to secure the payment of said note on the property described in plaintiff's petition.  Recovery is also sought against M. L. Robertson, whom it is alleged assumed payment of said debt to appellee.  The petition alleged, "that plaintiff is a foreign corporation, chartered under the laws of England, and is now, and has

been during the past five years engaged in loaning money in the State of Texas, with a general office in Kansas City, Missouri, etc."

The appellants excepted to said petition, on the ground that appellee was a foreign corporation, and there was no allegation in its petition that it had obtained a permit to do business in this State, as required by the statute. They also answered specially to this effect. The demurrer to the petition was overruled, and the demurrer interposed by plaintiff to said special answer was sustained by the court. The act of the twenty-first Legislature, 1889, provides that any foreign corporation "desiring to do business in this State, or solicit business in this State, or establish a general or special office in this State, shall be, and the same is hereby required to file with the Secretary of State a duly certified copy of its articles of incorporation, and thereupon the Secretary of State shall issue to such corporation a permit to transact business in this State." It is further provided, that four months after that date, "no such corporation can maintain any suit or action, either legal or equitable, in any courts of this State upon any demand, whether arising out of contract or tort, unless at the time of such contract so made or tort committed, the corporation has filed its articles of incorporation under the provisions of this act in the office of the Secretary of State for the purpose of procuring its permit."

In the case of Horn Silver Mining Co. v. New York, 143 U. S., 305, the court, in discussing the rights of a foreign corporation to transact business in States other than those by which they were created, quotes with approval the following language from Paul v. Virginia, 8 Wall., 168-181: " 'The recognition of its existence even by other States, and the enforcement of its contracts made therein, depend purely upon the comity of those States, a comity which is never extended where the existence of the corporation, or the exercise of its powers, is prejudicial to their interest or repugnant to their policy. Having no absolute right or recognition in other States, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those States may think proper to impose; they may exclude the foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with its citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion.' "

The court further says: "This doctrine has been so frequently declared by this court that it must be deemed no longer a matter of discussion, if any question can ever be considered at rest. Only two exceptions or qualifications have been attached to it in all the numerous adjudications in which the subject has been considered since the judgment of this court was announced more than half a century ago in Bank of Augusta v. Earle, 13 Peters, 519. One of these qualifications is, that the State cannot exclude from its limits a corporation engaged in interstate or foreign commerce, established by the decision in Telegraph

Co. v. Western Union Tel. Co., 96 U. S., 1, 12. The other limitation on the power of the State is, where the corporation is in the employ of the general government, an obvious exception, first stated, we think, by the late Justice Bradley in Stockton v. Railway, 32 Fed. Rep., 9, 14. As that learned justice said: 'If Congress should employ a corporation of shipbuilders to construct a man-of-war, they would have the right to purchase the necessary timber and iron in any State of the Union.' And this court, in citing this passage, added—'without the permission and against the prohibition of the State.' Pembina Mining Co. v. Pennsylvania, 125 U. S., 181, 186.' "

It is evident from the allegations, that appellee was a foreign corporation, and was not engaged either in interstate or foreign commerce. It follows, that it was necessary for it to have a permit to do business in this State before it could maintain any suit or action in any of the courts of this State. See 1 Texas Civ. Apps., 90; 2 Texas Civ. Apps., 93.

The appellee not being entitled to bring the suit without having been granted a permit from the State to do business in this State, the question arises, is it necessary for the petition to show that such permit has been granted? The State having prescribed this requirement, it is a condition precedent to the right of appellee to sue; and, we think, in order for a foreign corporation to maintain an action, that the allegations of the petition should show that the statutory requisite has been complied with. Insurance Co. v. Wright, 55 Vt., 530.

The court therefore erred in overruling appellants' exceptions to the petition, and also erred in sustaining the exceptions to defendants' special answer, stating the want of a permit by appellee to do business in this State.

In the answer of Huffman and M. L. Robertson, it was alleged that in the conveyance from Huffman to Robertson of the land in question, Robertson had assumed the payment of the note sued on; it was further alleged, however, that said Robertson had reconveyed the land to Huffman in consideration of being released from his obligation upon the note sued on; it was further alleged that appellee was not a party to this transaction, and that it was wholly between the said defendants Huffman and Robertson, and that it was prior to the filing of this suit, and that the rights of appellees were not affected or impaired in any way by reason of said release, and that appellee acquired no right, either in law or equity, thereby. This answer was stricken out on the exception of appellee, on the ground that it constituted no defense to appellee's cause of action. While there is some diversity of opinion on this proposition, we think the great weight of authority is to the effect, that where one assumes the debt of the original promisor, and there is a release by the promisor before there is an acceptance on the part of the creditor, or before suit is brought, then, in that case, the party assuming said indebtedness is released, and the creditor has no right of action against him. Where, however, there has been an acceptance upon the part of the creditor, then

a release by the original promisor does not affect the creditor's right to recover from the party assuming the debt. Morrison v. Barry, 30 S. W. Rep., 376; Crowell v. Hospital, 27 N. J. Eq., 657; Keller v. Ashner, 133 U. S., 621; Bassett v. Hughes, 43 Wis., 319.

There was some evidence, as shown in the statement of facts, introduced upon the trial upon this point; but in view of the fact that the exceptions were sustained, this court cannot say that such evidence was passed upon by the court below, and we will therefore not consider it.

The answer of defendants presented a good defense, and the court should have heard evidence thereunder; and it was therefore error in the court to sustain the demurrer to the defendants' answer.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 28, 1896.