SWEARINGEN et al. v. MYERS et al.

(Court of Civil Appeals of Texas. Amarillo. Dec. 23, 1911. On Rehearing, Jan. 26, 1912.)

1. APPEAL AND ERROR (§ 1036*)—HARMLESS ERROR—PARTIES.

Though an action by private persons was consolidated with an action against such persons brought by a foreign corporation not authorized to do business in the state, there having been no recovery by the corporation, judgment against the private persons in the action brought by them will not be reversed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1036.*]

2. APPEAL AND ERROR (§ 1036*)—HARMLESS ERROR—CONSOLIDATION OF CAUSES.

The error in permitting such consolidation, not having resulted in injury to the party complaining, is not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1036.*]

3. APPEAL AND ERROR (§ 753*)—ASSIGNMENTS OF ERROR—ABSENCE—REVIEW.

Where no assignments of error are filed below in a cause, but it is briefed, the court on appeal will examine the entire cause with a view of discovering fundamental errors.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 753.*]

On Rehearing.

4. APPEAL AND ERROR (§ 226*)—RETAXATION OF COSTS—OBJECTION BELOW.

Though costs were improperly taxed against an appellant, they will not be retaxed upon an affirmance on the merits where he made no effort to have them properly taxed below.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 226.*]

Appeal from District Court, Collingsworth County; S. P. Huff, Judge.

Actions by J. W. Swearingen and another against J. H. Myers and others, and· by the O. K. T. Investment Company and others against J. W. Swearingen and another. From a judgment for defendants in the first cause, plaintiffs therein appeal. Affirmed.

J. L. Lackey, R. E. Taylor, and H. A. Allen, for appellants. R. H. Templeton and Stovall Johnson, for appellees.

GRAHAM, C. J. The record in this cause shows that on May 18, 1910, J. W. Swearingen, as plaintiff, filed in the district court of Collingsworth county, in cause No. 150, his first amended petition in lieu of his original petition, filed some time prior to August 17, 1910, complaining of John H. Myers, Sumner B. Myers, and the O. K. T. Investment Company, as defendants, and alleging, in substance, that the O. K. T. Investment Company was a foreign corporation, organized and chartered under the laws of the state of Oklahoma, with its principal office and place of business in that state; that the plaintiff and the other defendants also resided in said state of Oklahoma; that said O. K. T. Investment Company was chartered for the sole purpose of operating in the lands therein described and once owned by said corporation and located in the town of Wellington, in Collingsworth county, in the state of Texas; that said corporation had never procured any permit, as required by law, authorizing it to do business in this state; that said corporation never acquired or owned any other property than that above referred to, and further alleged that, there being an indebtedness secured by a lien on a portion of said property, with the consent of the stockholders and directors of said corporation, said property was conveyed to John H. Myers in trust only to enable him to sell a sufficiency thereof to pay off and discharge said indebtedness and procure a release of said lien as to all said property, when the remainder then unsold was to be by said Myers reconveyed to the corporation; that Myers had accepted said trust, and had sold a sufficiency of said property to discharge said indebtedness, and had procured a release of said lien as to the portion unsold, but had failed and refused to reconvey to the corporation the portion unsold, and had conveyed the same to Sumner B. Myers without the consent of the corporation; that Sumner B. Myers was at the time of filing the suit claiming same, and allegation was further made that Sumner B. Myers took said property with full notice of the trust. Allegation was also made that said corporation had no legal existence, and that the stockholders therefore were partners, and were entitled to an interest in the assets of the corporation in proportion to the stock held by them, respectively, and that plaintiff owned one-third of the 'stock, and was entitled therefore to a one-third interest in

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

its assets, and that John H. Myers was also a stockholder. Prayer was then made for an undivided one-third interest in the lots held by Sumner B. Myers, and, in the alternative, for their value; their value being alleged. On May 21, 1910, John H. Myers filed a pleading in cause No. 150, in the nature of a cross-action, in which Sarah L. Swearingen, wife of J. W. Swearingen, is made a party, and allegations are made, in substance, that about July 15, 1907, J. W. Swearingen was president of the O. K. T. Investment Company, as well as one of the board of directors therein; that while said conditions existed there was a sale and partition of all the properties of said investment company located in Wellington, in Collingsworth county, Tex., and deeds accordingly duly executed by said corporation, acting through said J. W. Swearingen, as its president; that one of said deeds was made to John H. Myers, conveying the property described in plaintiff's pleadings; that another was at the special instance and request of plaintiff executed and delivered to his wife, Sarah L. Swearingen, for his use and benefit, conveying certain property described therein, formerly owned by the corporation, located in Wellington, Collingsworth county, Tex.; that as a consideration for the execution and delivery of said deeds J. W. Swearingen was to deliver to said corporation certain certificates of stock in said corporation, then held by him, describing them, as well as a receipt in full of all claims held by said Swearingen against said corporation; that Swearingen had accepted said deed and placed same of record, but had failed to surrender to the corporation said certificates of stock or either of them, or to deliver said receipt, other allegations being made showing that the execution and delivery of said deed to Sarah L. Swearingen was accepted by said J. W. Swearingen as full and complete settlement of all interest or claim he might then have or before have had in the assets of said corporation as a result of his having had stock therein or dealings therewith; that the deed executed and delivered to John H. Myers was also intended as a full and complete settlement between him and J. W. Swearingen.

Prayer is then made in effect for specific performance of the contract of settlement so made, and, in the alternative, prayer is made that, in the event Myers be required to account for the property conveyed to him in said settlement, the property so conveyed to Sarah L. Swearingen for the use and benefit of J. W. Swearingen be required to be reconveyed to the corporation, and a partition be made by the court of all the assets of the corporation among the various stockholders, as their interests might appear; prayer also being made for general and special relief, legal and equitable.

On August 17, 1909, in cause No. 159, the O. K. T. Investment Company filed its original petition as plaintiff in that cause in the district court of Collingsworth county, Tex., complaining of J. W. Swearingen and his wife, Sarah L. Swearingen, and alleging, in substance, that plaintiff was a private corporation, chartered under the laws of Oklahoma, with principal offices and place of business in that state, and that defendants also resided in said state, alleging substantially as John H. Myers had in his pleading, filed in cause No. 150, substance of which is above set out. Prayer is then made to recover from John W. Swearingen and Sarah L. Swearingen title and possession of the lands that had been formerly conveyed to Sarah L. Swearingen for the use and benefit of J. W. Swearingen, as well as for general and special relief, legal and equitable. On December 12, 1910, J. W. Swearingen, one of the defendants in cause No. 159, moved the court to dismiss that cause on the ground that the O. K. T. Investment Company, plaintiff, was a foreign corporation, as shown by its original petition in that cause, alleging that it had not procured any permit as provided by law, authorizing it to do business in Texas, and a proper certificate from the Secretary of the State of Texas was attached to said motion, showing that said corporation had never filed in the office of the Secretary of State its articles of incorporation. On December 13, 1910, the court overruled said motion to dismiss cause No. 159, to which ruling defendant J. W. Swearingen excepted. On December 14, 1910, plaintiff in cause No. 150 filed a supplemental petition, alleging, in substance, among other things, a judgment by a court of competent jurisdiction rendered in the state of Oklahoma on November 30, 1910, ordering J. W. Swearingen within 30 days from that date to deliver to John H. Myers as trustee for the stockholders of the O. K. T. Investment Company all stock owned and held by said Swearingen, or, in the alternative, to pay the said John H. Myers as such trustee the sum of $30, the alleged value of said stock, aggregating about 600 shares; further alleging that he had exercised his option given in said judgment and paid $30, and was therefore the absolute owner of said 600 shares of stock, and prayed for judgment accordingly. The record shows that causes Nos. 150 and 159 were consolidated in the court below, and Clifford I. Myers permitted to intervene as a party because of some interest he had in the subject-matter of the consolidated causes and all parties were given leave to replead so as to meet the conditions resulting from said consolidation; that some of the parties did replead and others elected to stand on their pleadings then on file. After consolidation, the O. K. T. Investment Company, John H. Myers, and Sumner B. Myers joined in an amended pleading, alleging substantially the same facts as had been alleged in the former pleadings filed by the O. K. T. Investment Company and John H. Myers, and in which the Oklahoma judgment was plead-

ed by them as a bar to the recovery sought by J. W. Swearingen. On December 17, 1910, the consolidated causes having been tried before the court without a jury, judgment was rendered quieting the title to certain lots set aside to John H. Myers, Sumner B. Myers, and Clifford I. Myers; J. W. Swearingen, Sarah L. Swearingen, and the O. K. T. Investment Company taking nothing by said judgment, and all costs were awarded against J. W. Swearingen, from which judgment this appeal is prosecuted by J. W. Swearingen.

No assignments of error were filed below, and the cause was submitted in this court on two assignments of error, found in appellant's brief; one being based on the action of the trial court in refusing to dismiss cause No. 159, because the O. K. T. Investment Company was a foreign corporation, and had failed to comply with the laws of the state of Texas by procuring a permit to do business in this state, and the other being based on the action of the trial court in consolidating causes Nos. 150 and 159.

As a basis for the final judgment rendered by the court below and being a part of the judgment itself, the trial court finds as follows, among other things, which we think are amply sustained by the evidence introduced, to wit:

"Being now fully advised in the premises, doth find that the fact that said O. K. T. Investment Company was and is a corporation organized under the laws of Oklahoma, and has never become authorized to do business under the laws of this state, cannot affect the equities in the present case, as the equities of the parties must be substantially the same whether said corporation be considered as a legal entity or the stockholders be considered as members of a copartnership. The court further finds: That the stock of said corporation was held as follows: J. W. Swearingen, John H. Myers, and Clifford I. Myers 600 shares each; B. E. Chapin, 10 shares; P. C. Abercrombie and W. H. Buchanan, 5 shares each, of the par value of $50 per share, and so the interests of the parties last named remained until the 15th day of July, 1907. That in 1905 said corporation became possessed of the legal and equitable ownership of two bodies of real estate in the town of Wellington, Collingsworth county, state of Texas, one body consisting of 663 lots, the title to which was derived by warranty deed from said J. W. Swearingen and Sarah L. Swearingen, his wife, and known as the Swearingen lots, the other body having been known as the Kennedy lots, 555 in number, the title whereto was acquired by warranty deed from one Kennedy upon procurement of said John H. Myers; the only consideration for the purchase of the said Swearingen lots being the giving by said corporation of vendor's lien notes to the aggregate amount of $5,787, and the issue of said 600 shares of stock to said J. W. Swearingen; the consideration for the said Kennedy lots having been the sum of $500 in cash, contributed by said Clifford I. Myers, and the giving by said corporation of its notes to the aggregate amount of $2,500, secured by trust deed to said Kennedy, reserving a vendor's lien upon the property so conveyed, the stock of the said John H. Myers and the stock of said Clifford I. Myers being also issued in consideration of said Kennedy purchase. In May, 1905, said John H. Myers purchased the said Kennedy notes, and received to himself an assignment thereof with an assignment of the deed of trust to said Kennedy. That on the 15th day of July, 1907, sundry lots out of both bodies of land having been sold, the proceeds whereof were appropriated by the said John W. Swearingen and the said John H. Myers, with the assent of the majority of the stockholders and board of directors of said company. A settlement was arrived at of all the affairs of said corporation and the members thereof among themselves, all the assets of said company being surrendered; the said Swearingen lots being at the request of said John W. Swearingen conveyed to Sarah L. Swearingen by said corporation, in consideration whereof the said vendor's lien to said John W. Swearingen was released and the said John W. Swearingen agreed to surrender all of the said 600 shares of stock to the secretary of said corporation for its use. At the same time there was made to the said John H. Myers a deed to all of the unsold portion of the said Kennedy lots, in return for which the said John H. Myers executed a release to said corporation of said Kennedy notes and trust deed held by him. Out of said Swearingen lots there was conveyed as a part of said settlement, being a private settlement of their own affairs between said John H. Myers and J. W. Swearingen, 36 lots, hereinafter described, which were conveyed to said John H. Myers in settlement of accounts between himself and J. W. Swearingen in full.

"The claim made by said J. W. Swearingen that the said conveyance of the Kennedy lots to John H. Myers was impressed with a trust in favor of said corporation is not sustained by the proof. On January 21, 1909, said John H. Myers instituted proceedings in the district court of Oklahoma county, Okl., for an accounting and settlement of the affairs of said O. K. T. Investment Company, which suit was afterwards transferred to the superior court of the county last named, which suit proceeded to judgment on the 5th day of December, 1910. This judgment has been set up as in bar of the present proceedings, and, while this court is of the opinion that said judgment may be binding upon this court, the judgment of this court is based upon the merits of the case presented by the proofs rather than upon the similar judgment pronounced by said Oklahoma court.

"The court further finds that by the set-

tlement aforesaid said corporation was divested of all its assets of any value, which settlement was concurred in with full knowledge by all of the directors and shareholders of said company except the holders of fifteen shares therein, whose interests have been subsequently acquired by the said John H. Myers, by which assent and extinguishment of interest all the members of said corporation have become fully bound by said settlement. As to the said two lots conveyed to the said Clifford I. Myers, hereinafter described, he could not be heard to object to said settlement in view of his assent thereto and his receipt of the title to said lots, nor could he insist on the abandonment of said settlement without a surrender of the title thereto.

"The court further finds that the said J. W. Swearingen is not in a position to assert a trusteeship in the said John H. Myers as to the said Kennedy lots without tendering the surrender of the title to said Swearingen lots, and restoring to said corporation all that he received through said settlement. The court further finds that the payment by said John W. Swearingen of five cents per share, with interest, the supposed value of said 600 shares of stock, has agreed to be surrendered by him, though alternatively provided for in said Oklahoma judgment, cannot rehabilitate him in his share as a shareholder, as his asserting any claim to said stock contrary to his agreement precludes him from taking any advantage of his wrong therein; and in a like manner his acquirement of the stock of said Chapin and Abercrombie cannot avail him as a basis for complaint as to the settlement agreed to by him.

"The court further finds that the equities of this said cause are with said defendants John H. Myers, Sumner B. Myers, and the intervener, Clifford I. Myers, and that the title to the property received by the said John H. Myers and Clifford I. Myers in said settlement ought to be quieted."

We think the record clearly shows that the O. K. T. Investment Company was a foreign corporation; that it was organized for the sole purpose of buying and selling lands in Texas; that in acquiring and disposing of the lands in Wellington, Collingsworth county, Tex., it was doing and did business in this state within the meaning of article 746, Sayles' Annotated Civil Statutes of 1897, and the record also fully shows that it never procured any permit authorizing it to do business in this state. Huffman v. Montague County, 13 Tex. Civ. App. 169, 36 S. W. 306.

[1] We are inclined to the opinion that the cause of action as set up by plaintiff in its petition in cause No. 159 shows one it could not prosecute to a recovery, as it was a foreign corporation, and had failed to comply with our laws, but the record shows that no recovery was had by said corporation and that no part of the relief sought by it in its pleadings was awarded, and therefore, even if it be conceded it was error to overrule appellant's motion to dismiss cause No. 159 for the reasons urged, no injury is shown to appellant in the record as a result of said ruling by the trial court, and for these reasons the judgment of the trial court should not be reversed because of the matters complained of in this assignment. It will be borne in mind that appellant himself sought to and did bring the corporation into court as such.

[2] While the record in this cause shows that causes Nos. 150 and 159 were by the trial court consolidated, the record also fails to show that appellant raised any objection thereto until he filed his brief in this court, and as we fail to find anything in the record tending to show that appellant sustained any injury as a result of such consolidation, and thus tending to show that the trial court abused the discretion vested in him in such cases, the O. K. T. Investment Company having failed to recover any relief in the consolidated suit, appellant's assignment based on the action of the trial court in consolidating causes Nos. 150 and 159 will be overruled.

[3] We have carefully read the entire record in this case with a view of discovering fundamental errors, if any, to appellant's injury, this course being made necessary as we understand our duty, where no assignments of error are filed below, and the cause is briefed; and having found none such, and believing from the record as a whole that the judgment rendered by the trial court disposes of the controversies between the parties in accordance with sound principles of equity, under the entire record, the judgment will be in all things affirmed, and it is so ordered.

### On Rehearing.

On December 23, 1911, this court by its judgment in all things affirmed the judgment rendered by the trial court in this cause, and, after a due consideration of appellants' motion for rehearing, we are satisfied with the disposition made by us in our former opinion as to the merits of the case, but we have reached the conclusion that the costs incident to the filing and attempted prosecution in the trial court of cause No. 159 should be taxed against the plaintiff in that suit, and as an inspection of the judgment rendered by the trial court shows that all costs incident to the filing and attempted prosecution of cause No. 159, as well as all costs in cause No. 150, were taxed and adjudged against appellant J. W. Swearingen in the consolidated cause, the judgment of the trial court, as well as our former judgment in this cause, will be so reformed as to tax all costs incident to the filing and attempted prosecution in the trial court of cause No. 159 against the O. K. T. Investment Company, plaintiff in that suit, and, thus reformed, the judgment of the trial court will in all things be affirmed, and the former judgment in this court as thus re-

formed will be permitted to stand. Had appellant, by a proper motion, filed in the trial court and called to the attention of that court, sought a retaxing of the costs in that court so as to adjudge the costs incident to the filing and attempted prosecution of cause No. 159 incurred in the trial court against the O. K. T. Investment Company, and had such motion been overruled by the trial court and such ruling been properly brought before this court, the ruling we have made in this item of costs in disposing of appellant's motion for a rehearing would have resulted in all costs of this appeal being taxed against appellee, though the cause be affirmed as to the merits.

[4] But as no effort was made in the trial court to have the matter of costs properly taxed therein before resorting to this court, and it is not made thus to appear that it was necessary for appellant to come to this court to get relief as to said item of costs, the taxing of costs not being necessarily a part of the judgment on the merits, all costs incident to this appeal having been taxed against the appellant by the former judgment of this court will be allowed to so stand. Ball v. Chase et al., 49 S. W. 934, and authorities there cited.

The motion for rehearing, except as above indicated, will be overruled; and it is so ordered.