PETERS et al. v. LINDSEY et al.

(Court of Civil Appeals of Texas. Texarkana. Feb. 8, 1912. Rehearing Denied March 7, 1912.)

CONTRACTS (§ 187*)—DEBT OF THIRD PERSON —AGREEMENT TO PAY.

Where L., an administrator, sold community property to H., who took possession, agreeing with L. to pay one-half of the value of the land to plaintiffs, who were the children of L.'s deceased wife, such children were entitled to maintain a suit against H. for the recovery of such amount under the rule that an agreement with a debtor based on a valuable consideration to pay a debt due to a third person inures to the latter's benefit, who may maintain an action thereon.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 187.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by W. R. Peters and others against A. Lindsey and others. From an order sustaining a general demurrer to the petition so far as it sought a recovery against E. D. Hales, plaintiffs appeal. Reversed.

Looney, Clark & Leddy, for appellants. J. P. Yates and L. L. Bowman, for appellees.

LEVY, J. The appellants, who were the plaintiffs below, sued A. Lindsey and E. D. Hales, the appellees. The court sustained a general demurrer to the petition so far as it sought any recovery against E. D. Hales. This ruling of the court is here to be revised.

The appellants are the assignees of the community rights of four children of A. Lindsey and his deceased wife. It appears from the petition that on August 22, 1907, and after the death of his wife, A. Lindsey qualified and gave bond as administrator of the community property, which consisted of certain land and personalty. After qualifying as such administrator, A. Lindsey sold the community realty and a large part of the personalty and invested most of the proceeds thereof in a tract of 133 acres of land, taking the deed in his own name and going into possession of the land. Afterwards, on October 22, 1909, A. Lindsey sold and conveyed the 133 acres to E. D. Hales, who took possession. Then follows an allegation "that the said Hales in purchasing said land agreed to pay unto the children above named as what defendants agreed was the value of one-half of said property, amounting to the sum of, .to wit, $600." The language of this allegation does not clearly show whether the promise of Hales to pay the $600 was made to A. Lindsey or direct to the children. If it was a promise by Hales made originally to the children themselves, then it is not enforceable. But, by considering the whole petition, it could be said, as against a general demurrer, that by reasonable intendment it was sought to hold E. D. Hales liable upon an express agreement with A. Lindsey, as a part of the consideration of the purchase and sale of the 133 acres, to pay $600 of Lindsey's debt owing by him to his four children for their interest from sales of the community property mentioned. Speaking strictly to this precise ground for recovery, and no other, it was not subject to a general demurrer. It is the settled rule in this state that, when one for a valuable consideration agrees with another to pay the debt of that other person to a third person, such agreement inures to the benefit of the third party, who may maintain an action thereon. Mathonican v. Scott et al., 87 Tex. 396, 28 S. W. 1065.

In passing we say that the petition discloses no other ground of liability against appellee Hales in favor of appellants, either in money or the land, outside of and beyond the alleged liability, if true, resting upon

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Hales' express undertaking with Lindsey to pay his community debt owing to his children. Further, this liability must rest in express, and not implied, undertaking with Lindsey.

The judgment sustaining the demurrer as to E. D. Hales is reversed, and the case remanded. The judgment as to A. Lindsey, not being appealed from, will remain undisturbed.