## MISSOURI, K. & T. RY. CO. OF TEXAS v. WARD.

(Court of Civil Appeals of Texas. Dallas. Feb. 28, 1914.)

1. APPEAL AND ERROR (§ 216*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

A judgment cannot be reversed on account of omissions in the charge, where the charge given was not affirmatively erroneous, and the complaining party made no request for a fuller and more accurate charge.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 628.]

2. TRIAL (§ 252*)—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

A charge which is without foundation in the evidence is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Hill County Court; J. D. Stephenson, Judge.

Action by D. W. Ward against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and Spell & Sanford, of Waco, for appellant. Wear & Frazier, of Hillsboro, for appellee.

TALBOT, J. This is an appeal from a judgment in favor of appellee against appellant for the value of a horse killed through the negligence of appellant's servants. The only issue raised by the evidence was whether or not the servants of appellant left unlatched and open a gate in appellee's pasture fence, which enabled the horse to leave the pasture and stray on appellant's railroad track, where it was struck and killed by a passing train.

The evidence, although circumstantial, was sufficient to authorize and sustain the jury's finding in favor of appellee on this issue, and appellant's assignments of error asserting that it was not, are overruled.

[1] The paragraph of the court's charge made the basis of appellant's third assignment of error was not affirmative error. It was, at least, good as far as it went, and, without a request by appellant for a fuller and more accurate charge, the omissions complained of furnish no sufficient ground for a reversal.

[2] There was no error in refusing to give in charge to the jury appellant's requested instructions, the refusal of which is made the basis of its fourth and sixth assignments. The evidence did not call for a charge to the effect that, unless appellant's servants, at the time they left the gate open, "could have reasonably foreseen that an injury to plaintiff's stock would result therefrom," they would find for defendant.

Finding no error in the record requiring a reversal of the judgment, it is affirmed.

Affirmed.