## WAGGONER v. HERRING–SHOWERS LUMBER CO.   (No. 2709.) *

(Court of Civil Appeals of Texas. Amarillo. Oct. 13, 1926. Rehearing Denied Nov.,17, 1926.)

**I. Corporations ⟨key⟩327—Defendant cannot deny that he was party to agreement to take over corporate assets and pay its debts, if conveyance subsequently made was effective.**

That defendant and another agreed to take over assets of corporation of which he was president and pay its debts precludes defendant from claiming that he was not party to agreement and part owner of property of corporation, if conveyance subsequently made was effective.

**2. Contracts ⟨key⟩187(4) — Vendor may recover personal judgment against purchaser's grantee assuming purchaser's indebtedness without making purchaser a party.**

Purchaser's grantee, assuming purchaser's indebtedness, becomes principal debtor with purchaser as surety, and original vendor may sue purchaser's grantee and recover personal judgment against him on his assumption and foreclose vendor's lien without making original purchaser party.

**3. Frauds, statute of ⟨key⟩18(3)—Contract by officers to pay debts of corporation in consideration of transfer to them of corporate property held not within statute.**

Contract by officers of corporation to pay debts of company in consideration of transfer to them of all company's property was not within statute of frauds requiring contract to be in writing, such officers becoming principal obligors to creditors of company.

**4. Contracts ⟨key⟩187(4) — Purchaser assuming vendor's debts is bound without necessity of formal acceptance by vendor's creditor.**

Formal acceptance by creditor of vendor of subsequent purchaser's assumption of vendor's debts is not necessary to bind such subsequent purchaser.

**5. Contracts ⟨key⟩187(4)—Beneficiary of contract by purchaser assuming debts of vendor need not be disclosed.**

Contract by purchaser of realty to assume vendor's debts need not disclose name of person for whose benefit promise was made.

**6. Contracts ⟨key⟩187(4)—Creditor's suit against subsequent purchaser is sufficient acceptance of such purchaser's assumption of debt of his vendor.**

Institution of suit by creditor, based on subsequent purchaser's assumption of his vendor's debt, is sufficient acceptance of assumption.

**7. Corporations ⟨key⟩327—Contract to assume corporate debts cannot be avoided merely by notifying each of directors that contractor would not be performed.**

President of corporation cannot avoid contract to assume debt of corporation in consideration of conveyance of corporate property by merely notifying directors separately that he decided not to perform contract, where directors were not shown to have consented to release him.

**8. Corporations ⟨key⟩327—Rescission of contract to assume corporate debts in consideration of transfer of its property requires consent of corporation.**

Contract by president of corporation to assume its debts in consideration of transfer of corporate property cannot be rescinded without consent of corporation.

**9. Frauds, statute of ⟨key⟩158(2) — Parol evidence of conveyance of realty in consideration of assumption of corporate debts held admissible in action by creditor of corporation on note evidencing its debt.**

In suit on note signed by corporation, against president assuming liability of corporate debts in consideration of transfer of corporate property, parol evidence of conveyance of realty was admissible.

**10. Partnership ⟨key⟩217(2)—Evidence of want of authority of partner to execute note for corporation as evidence of its debt assumed by partners was properly excluded in action against partner on note.**

Where partners assumed payment of corporate debts in consideration of transfer of corporate property, evidence to support plea of want of authority of one partner to execute note for corporation to creditors of corporation as evidence of corporate debt was properly excluded in action against other partner on note.

**11. Partnership ⟨key⟩146(2) — Partnership may be bound on note executed by one partner for debts of firm within scope of business.**

One partner or joint adventurer may obligate firm by executing firm's notes for its debts within scope of firm business.

**12. Partnership ⟨key⟩173 — Creditor accepting note by partnership executed as evidence of debts of corporation assumed may recover full amount of note plus attorney's fees and costs from one of partners.**

Where note was executed by one of partners assuming debts of corporation to evidence indebtedness of corporation and intended to bind

---

partnership, creditor accepting note is entitled to recover full amount thereof, including attorney's fees and costs, against partner, though debt was not evidenced by note at time contract assuming indebtedness was entered into.

Appeal from District Court, Wilbarger County; Robert Cole, Judge.

Suit by the Herring-Showers Lumber Company against R. M. Waggoner and another. Judgment for plaintiff, and defendant R. M. Waggoner appeals. Affirmed.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

Berry, Stokes & Killough, of Vernon, and Fischer & Fischer, of Wichita Falls, for appellee.

HALL, C. J. The appellee Lumber Company, a corporation, filed this suit originally against the Burk-Waggoner Oil Company, a corporation, joining as codefendants R. M. Waggoner and Clois L. Greene. By an amended petition the appellee dismissed its action as to Greene because of the fact that he had been discharged in bankruptcy from the indebtedness claimed in this action. The case proceeded to trial against the Burk-Waggoner Oil Company and R. M. Waggoner upon the amended petition.

This is one of the four suits heretofore filed by the creditors of the Burk-Waggoner Oil Company which have been appealed to this court, and which grew out of the efforts of the creditors of said company to collect debts due them from the company after it became insolvent. The former cases are Waggoner v. Magnolia Petroleum Co. (Tex. Civ. App.) 252 S. W. 865; Oil Well Supply Co. v. Burk-Waggoner Oil Co. (Tex. Civ. App.) 261 S. W. 830; Republic Supply Co. v. Waggoner (Tex. Civ. App.) 283 S. W. 537. The issues presented here are in some respects materially different from those presented and considered in the other cases, but the contentions urged will not require an extended preliminary statement of the pleadings.

The case was tried on the first amended original petition of the appellee, which declared upon a note signed by the Burk-Waggoner Oil Company, payable to the appellee lumber company, in the sum of $961.59, with interest at 10 per cent., and the usual stipulations for 10 per cent. attorney's fees. The appellant Waggoner did not sign this note, but the record shows it was executed on October 23, 1920, by Clois L. Greene. The appellee sought to recover against Waggoner upon an alleged oral agreement made between Waggoner and the Burk-Waggoner Oil Company on September 27, 1920, to the effect that Waggoner and Greene would assume all debts of the Burk-Waggoner Oil Company in consideration of the transfer by said company to Waggoner and Greene of all of its assets, consisting of real, personal, and mixed property. It is alleged that this agreement was made at a called meeting of the board of directors of the Burk-Waggoner Oil Company on September 27, 1920, at which time the proposition was made by Greene and Waggoner to take over the property of the company and assume its indebtedness. This meeting was called by Waggoner, the president of the Burk-Waggoner Oil Company. All of the directors were present, including R. M. Waggoner, president, S. A. L. Morgan, vice president, Clois Greene, general manager, V. D. Tennison, secretary-treasurer, and W. R. Ferguson.

Waggoner stated at this meeting of the board of directors that the company's indebtedness aggregated about $300,000, and that its assets were not worth more than $100,000; that the assets consisted of certain oil leases in Wichita, Wilbarger, and Wise counties, and certain drilling outfits, houses upon the leaseholds, trucks, casing, and other personal property. He further stated that all of the indebtedness except about $80,000 was due from the company to Waggoner and Greene, and that outside creditors, among them being the appellee herein, were due about $80,000.

It is alleged that when the proposition was made by Greene in behalf of himself and Waggoner, that it was accepted by the board of directors of the company, and S. A. L. Morgan, vice president, together with V. D. Tennison, were instructed to execute a conveyance transferring all of the property to Waggoner and Greene, and an order was entered upon the minutes of the company to this effect. This order is set out at length in the opinion of this court in Republic Supply Co. v. Waggoner, 283 S. W. 537, 538, and, for the sake of brevity, will not be set out in full in this opinion.

After the meeting on September 27, and before the transfer as authorized was made by Morgan, on the 7th of October, 1920, it is alleged that Waggoner directed Vice President Morgan to make a conveyance of the property to Greene. This conveyance recites a consideration of $10 and other valuable considerations, paid by Clois Greene, and "the further consideration that the said Greene has assumed, and by these presents does assume, all the outstanding debts, liabilities, and obligations of said corporation wherever located, and whatever kind and character."

The case was submitted to a jury upon special issues. The findings are in substance, as follows: (1) R. M. Waggoner agreed at the director's meeting that he would take over the assets of the corporation along with Greene and pay the corporation's debts. The substance of the other findings of the jury is that Waggoner did not object to the proposal made by Greene before it was accepted by the board of directors, but that he told Morgan before the conveyance was executed by

Morgan, transferring the property to Greene, that he would not take over the property of the corporation with Greene and assume and pay its debts as consideration therefor; that he also notified Tennison, Greene, and Morgan, prior to the 6th of October, 1920, that he was not in on the deal with Greene and would not take over the assets of the company and agree to pay its debts in consideration thereof.

Based upon these findings, the court entered a judgment against the Burk-Waggoner Oil Company and against R. M. Waggoner, jointly and severally, for the full amount of the note, principal, interest, attorney's fees, and costs. The Burk-Waggoner Oil Company did not answer in the action, and Waggoner alone has appealed from the judgment.

The first proposition urged is that under the findings of the jury and the undisputed evidence, judgment should have been rendered for Waggoner. because the finding is that he had repudiated the alleged oral agreement made with the board of directors to take over the real and personal property of the company and assume its debts, while said agreement was executory in its nature, by advising all parties concerned that he would have nothing to do with the trade. The abstract proposition of law insisted on is that a party to an executory oral contract for the purchase of real property has the right to repudiate it prior to its execution, and it cannot be enforced against him by one for whose benefit it was made, where the party sought to be charged pleads the statute of frauds in defense of the action.

Waggoner alleged in his answer that if anything was said at the meeting of the board of directors which led the other officers of the company to believe that he would agree to pay the corporation's debts, in consideration of a conveyance to him and Greene of its assets, that he is not liable, for the further reason that immediately after the meeting he informed each of the officers of the corporation that he did not intend to make any such agreement and would not accept the property and assume the debts against the company, and that afterwards Morgan conveyed all of the assets to Greene by an instrument in which Greene individually assumed the company's liabilities, and that Greene did not receive the assets either as a partner or joint adventurer with him. He further specifically denied that he received any benefit by reason of the conveyance of the assets to Greene. He pleaded the statute of frauds in bar of the claim asserted by appellee, and by a verified plea denied that the note in question was executed by the Burk-Waggoner Oil Company, or by any one duly authorized to act for it in that behalf.

[1] The first finding by the jury that Waggoner agreed with Greene at the directors' meeting to take over the assets and pay the corporation's debts, and the subsequent finding that he did not object to the proposal made by Greene before it was accepted by the directors, rendered him liable according to the contention of appellee, notwithstanding his subsequent attempt to repudiate the agreement. In view of the first finding he is precluded from insisting that he was not a party to the agreement and a part owner of the property with Greene, if the conveyance subsequently made can be held to be effective.

On the one hand the appellant contends, under this and subsequent propositions, that because the agreement to purchase the real estate and other property and to assume the indebtedness due from the corporation to its general creditors was verbal, that it is void under the statutes of frauds, and, while the contract was executory and nothing had been done by either of the parties towards its performance, he had the right to repudiate it.

On the other hand, the appellee contends that the agreement upon the part of Waggoner and Greene to pay the debts of the corporation in consideration of the transfer to them of the company's property is not within the statute of frauds, and that their liability to the creditors could not be avoided by a subsequent rescission even with the consent of the corporation properly given, and that notice to the individuals composing the board of directors was not such notice as would release him, even though they had consented to a rescission.

[2] The rule established in Texas is that where the vendee of real estate transfers the property to a subvendee, who, as part consideration for the purchase, assumes his vendor's indebtedness to the original seller, that such subvendee becomes the principal debtor, and the original vendee is simply a surety, and that the original vendor may sue the subvendee and recover a personal judgment against him upon his assumption and foreclose the vendor's lien without making the original vendee a party.

[3] Under this rule, the contract of Waggoner and Greene with the board of directors that they would pay the debts of the oil company in consideration of the transfer to them of all the company's property, real and personal, was not within the terms of the statute of frauds, and is therefore not governed by the provisions of that act requiring such contract to be in writing. By their assumption it made the debt their own, and they became the principal obligors to the creditors of the company. This is too well settled by the courts of this state to require discussion. Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Reed v. Shaw (Tex. Civ. App.) 274 S. W. 274; Hoskins v. Velasco National Bank, 48 Tex. Civ. App. 246, 107 S. W. 598; Spann v. Cochran & Ewing, 63 Tex. 240; Mullins v. Nash El Paso Motor Co. (Tex. Civ. App.) 250 S. W. 472; Allen v. Tray-

lor (Tex. Com. App.) 212 S. W. 945; Bone v. Smith (Tex. Civ. App.) 164 S. W. 922; Morris v. Gaines, 82 Tex. 255, 17 S. W. 538; Hales v. Peters (Tex. Civ. App.) 162 S. W. 386; Peters v. Lindsey (Tex. Civ. App.) 144 S. W. 694; Hawkins v. Western National Bank (Tex. Civ. App.) 145 S. W. 722; Hay v. Behrens Drug Co. (Tex. Civ. App.) 214 S. W. 940; Bridgewater v. Hooks (Tex. Civ. App.) 159 S. W. 1004; Beitel v. Dobbins (Tex. Civ. App.) 44 S. W. 299; Gay v. Pemberton (Tex. Civ. App.) 44 S. W. 400; Mathonican v. Scott, 87 Tex. 396, 28 S. W. 1063; Traders' National Bank v. Clare, 76 Tex. 47, 13 S. W. 183; Western Union Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; National Bank of Jefferson v. Texas Investment Co., 74 Tex. 421, 12 S. W. 101.

[4, 5] It has been frequently held that formal acceptance by the creditor of the vendor of the subsequent purchaser's assumption of the debt is not necessary to bind such subsequent purchaser. Caraway v. Fowler (Tex. Civ. App.) 255 S. W. 995; Smith v. Farmers' Loan & Trust Co., 21 Tex. Civ. App. 170, 51 S. W. 515; Spann v. Cochran & Ewing, supra; Desdemona State Bank v. Streety (Tex. Civ. App.) 250 S. W. 286; 4 Page, "Law of Contracts," § 2390. Nor is it necessary that the name of the person for whose benefit the promise was made should in terms be used. McCown v. Schrimpf, 21 Tex. 22, 73 Am. Dec. 221.

[6] It is further held that the institution of a suit by the creditor, based upon the subvendee's assumption of his debt, is a sufficient acceptance. Strictland v. Higginbotham (Tex. Civ. App.) 220 S. W. 433; Snyder v. Slaughter (Tex. Civ. App.) 208 S. W. 974; Newby v. Harbison (Tex. Civ. App.) 185 S. W. 642-645.

[7, 8] It is true that it was held in Morrison v. Barry, 10 Tex. Civ. App. 22, 30 S. W. 376, that the failure of the creditor, whose debt has been assumed, to accept, left the vendor and subsequent purchaser free to rescind and release the latter from liability, and in the Hill v. Hoeldke Case, supra, Judge Dibrell suggests that such holding is in conflict with the doctrine announced in the Spann v. Cochran Case. It is also true that in the late case of Edwards v. Beals et al. (Tex. Com. App.) 271 S. W. 887, the right of the debtor and his subvendee to rescind before the third party creditor has accepted the subvendee's promise to pay is reaffirmed, basing the holding on the Morrison v. Barry Case, Huffman v. Western Mortgage Co., 13 Tex. Civ. App. 169, 36 S. W. 306, and authorities from other jurisdictions; but we find it unnecessary to discuss this apparent conflict, because in the instant case there was no agreement to rescind made by Waggoner and the oil company which the law will recognize. Waggoner could not avoid his contract entered into on September 27th by simply notifying each of the directors that he had decided not to perform the contract and be bound by its terms. It was not shown that the directors ever consented to release him, and it is not contended that any of the creditors ever released him. There could be no rescission at least without the consent of the Burk-Waggoner Oil Company, and the holding in Caraway v. Fowler (Tex. Com. App.) 267 S. W. 673, is that Waggoner could not, by a special agreement with the oil company, be released or change his liability without the consent of the creditors.

[9] It is next asserted that Waggoner is not liable for the reason that his liability is predicated upon proof of an oral agreement involving the purchase of real estate, which proof is not admissible under the parole evidence rule. This court so held in the case of Waggoner v. Magnolia Petroleum Co. (Tex. Civ. App.) 252 S. W. 865, but that suit was based upon the deed which Morgan executed to Greene, and the record shows that upon the trial neither the pleadings nor the evidence disclosed any liability on the part of Waggoner, and upon that ground a judgment against him was reversed and rendered. The parole evidence rule was applied generally in his behalf as well as the rule which excludes testimony tendered to vary or contradict the recital of a contractual consideration in a deed. That case was one clearly within the statute of fraud, while the instant case is not.

[10, 11] It is further insisted that because Waggoner denied under oath the authority of Greene to excute the note sued upon, in the name of the Burk-Waggoner Oil Company, the court erred in refusing to hear competent testimony in support of such special plea. We cannot sustain this contention. The answer of the jury to the first issue is tantamount to a finding that Waggoner and Greene, either as partners or joint adventurers, assumed to pay the creditors of the oil company. Waggoner's verified plea denies the authority of Greene "to execute the note for the Burk-Waggoner Oil Company," but does not deny his authority to execute it as evidence of the firm's debt. The record discloses that it was executed to evidence the indebtedness of the firm to the appellees. The general rule is that one partner, or joint adventurer, may obligate the firm by executing the firm's notes for its debts within the scope of the firm business. 1 Rowley's Modern Law of Partnership, §§ 421, 425; Bradford v. Taylor, 61 Tex. 508.

[12] It is clear that the note was intended by Greene and by the appellees to evidence the indebtedness of the oil company which Waggoner and Greene had assumed, and in support of the judgment we must presume that the firm was carrying on its business in the name of the corporation which it had suc-

ceeded, since it is shown that Greene executed it that way in lieu of the open account by which the indebtedness had theretofore been evidenced. The record further discloses that it was executed with the intention of binding his firm, and that it was accepted by the appellees for the indebtedness of the firm. Under these conditions the appellees were entitled to sue upon it and recover against Waggoner. Crozier Rhea & Co. v. Kirker, 4 Tex. 252, 51 Am. Dec. 724; Sessums v. Henry, 38 Tex. 37; Jacks v. Greenhaw, 105 Ark. 615, 152 S. W. 160; Behrenfeld v. Breedlove, 27 Cal. App. 419, 150 P. 71; Horton v. Smith, 12 Ga. App. 232, 77 S. E. 9; Clement Nat. Bank v. Connolly, 88 Vt. 55, 90 A. 794.

The appellant further contends that, as the indebtedness was not evidenced by a note at the time the contract was entered into, that in no event should the judgment against him have been entered for more than the amount of the debt at that time. Having held that Greene, as one of the partners, was empowered to execute the note, the court did not err in entering judgment for the full amount thereof, including attorney's fees.

We find no reversible error, and the judgment is affirmed.